COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


LAURA M. KANE

v.    Record No. 3168-02-2

ROBERT W. SZYMCZAK, II                    OPINION BY
                                     JUDGE D. ARTHUR KELSEY
                                        AUGUST 26, 2003
ROBERT W. SZYMCZAK, II

v.    Record No. 3174-02-2

LAURA M. KANE


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Herbert C. Gill, Jr., Judge

              Susanne L. Shilling (E. Ryan Meyer;
              Shilling & Associates; E. Ryan Meyer,
              P.L.L.C., on briefs), for Laura M. Kane.

              John N. Clifford (Clifford & Duke, P.C., on
              briefs), for Robert W. Szymczak, II.

              (Karen Minter Matthews, on brief), Guardian
              ad litem for infants Robert Szymczak, III
              and Brian Kane Szymczak.


     Laura M. Kane appeals a chancellor's order transferring

custody of her two children to their father, Robert W. Szymczak,

Kane's former husband.  On appeal, Kane has preserved only one

issue for consideration:  whether the chancellor failed to

comply with Code § 20-124.3's requirement that the court

"communicate to the parties the basis for the decision either

orally or in writing."  Szymczak cross appeals, claiming that the trial court erred by not awarding him attorney's fees and by requiring him to pay the guardian ad litem fee in its entirety.

We find that the chancellor's letter opinion does not satisfy Code § 20-124.3, and thus, we remand the case to the trial court to comply with this statutory mandate.  We also hold that the chancellor did not abuse his discretion by refusing to award Szymczak attorney's fees and by ordering Szymczak to pay the guardian's fee.

I.

Kane and Szymczak are the divorced parents of two sons.  In October 1999, the Chesterfield Circuit Court granted Kane sole custody of the boys.  In April 2001, Szymczak petitioned for a change of custody in Chesterfield Juvenile and Domestic Relations District Court.  The JDR court ordered joint legal custody with physical custody to Szymczak.  Kane appealed the JDR decision to the Chesterfield Circuit Court in November 2001.

On July 26, 2002, the circuit court conducted an ore tenus hearing and received testimony from Kane, Szymczak, and others.  In addition, the parties submitted thirty-nine de bene esse depositions, numerous exhibits, and an extensive report from the guardian ad litem.  A month later, the chancellor issued a written letter opinion.  In it, the chancellor chastised both parents for failing to "shift their priorities from

- 2 -

self-interest to the interest of their children."  The chancellor also noted that Szymczak "had to be coerced" into recognizing the "needs of the children."  With this prodding, the chancellor observed, Szymczak had "seen the light" in the last couple of years.  The court then concluded:  "The Court has considered all the dictates of § 20-124.3 of the 1950 Code of Virginia (as amended).  Further, the Court finds that there has been a material change of circumstances that warrant the Court considering a change in status."

On the best-interests issue, the chancellor's opinion stated:  "Based on all the factors that the Court must consider, the Court has determined that sole legal and physical custody should be granted to the defendant, Mr. Szymczak, with visitation to Ms. Kane.  The Court places particular emphasis on § 20-124.3(1), (2), (6) and (7)."  The chancellor's letter opinion, however, did not state the reasons why any of the statutory factors (including the four of particular importance) favored the requested change in custody.

## II.

### A.

In her brief on appeal, Kane lists eight questions presented.  The argument section of the brief, however, addresses only questions one, two, and seven.  Rule 5A:20 requires appellants to brief the "principles of law, the

argument, and the authorities relating to each question presented."  Questions "unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); see also Thomas v. Commonwealth, 38 Va. App. 319, 321 n.1, 563 S.E.2d 406, 407 n.1 (2002); Bennett v. Commonwealth, 35 Va. App. 442, 452, 546 S.E.2d 209, 213 (2001); Moses v. Commonwealth, 27 Va. App. 293, 297 n.1, 498 S.E.2d 451, 453 n.1 (1998).  As a result, Kane has waived appellate review of questions three, four, five, six, and eight.

Questions one, two, and seven redundantly contend that the chancellor violated Code § 20-124.3, which requires a trial court deciding a custody and visitation case to "communicate to the parties the basis for the decision either orally or in writing."  The chancellor, Kane asserts, inadequately informed her of the basis for his decision.  We agree.

Code § 20-124.3 lists various factors a trial court should consider when deciding the "best interests" of the child in a custody and visitation case.  In its original form, the statute did not expressly require the trial court to elaborate on its findings or, for that matter, to provide any explanation for its decision.  In 1999, however, the General Assembly amended Code § 20-124.3 to direct the trial court to state the "basis for the decision either orally or in writing."  This statutory language came verbatim from a recommendation by the Virginia Commission

- 4 -

on Youth in its 1999 Study on Joint Custody and Visitation.  See

House Doc. 24, at 20-21 (1999).  The study commission made the

recommendation after becoming "acutely aware that some judges

across the state may not be clearly or adequately articulating"

the reasons for child custody decisions.  Id. at 20.

To determine what level of specificity this statutory

command requires, we turn to two settled principles of statutory

construction.

First, the "words of a statute should be given 'their

common, ordinary and accepted meaning' absent a contrary intent

by the legislature."  Mouberry v. Commonwealth, 39 Va. App. 576,

583, 575 S.E.2d 567, 570 (2003) (quoting Germek v. Germek, 34

Va. App. 1, 8, 537 S.E.2d 596, 600 (2000)).  Black's Law

Dictionary defines "basis" as a "fundamental principle; an

underlying condition."  Black's Law Dictionary 145 (7th ed.

1999) (definition no. 1).  Non-legal dictionaries offer a

similar denotation.  A basis includes the "supporting element,"

"foundation," "chief component," or the "essential principle."

The American Heritage Dictionary 161 (2d col. ed. 1985).  These

definitions do not imply a high level of specificity.  Instead,

they focus on the fundamental or predominating reason or reasons

underlying the decision.

Second, we presume that the legislature "chose, with care,"

the specific words of the statute.  Simon v. Forer, 265 Va. 483,

490, 578 S.E.2d 792, 796 (2003) (citation omitted); see also

- 5 -

Alger v. Commonwealth, 40 Va. App. 89, 92-93, 578 S.E.2d 51, 53 (2003).  The act of choosing carefully some words necessarily implies others are omitted with equal care.  Here, the use of the expression "basis for the decision" stands in contrast to the better-known phrase "findings of fact and conclusions of law."  This expression has been used in many statutory contexts, under both state[1] and federal[2] law.  The latter phrase, unlike the former, describes a comprehensive written or transcribed narrative of all aspects of the decisionmaking process — not just the fundamental or predominating ones.  See Interstate

_____

[1] Virginia requires "findings of fact" and "conclusions of law" in Code § 8.01-654 (circuit court decisions on petitions for writ of habeas corpus), § 10.1-1181.4 (final decisions of the water quality control board), § 10.1-1310 (final decisions of the air pollution control board), § 15.2-2314 (commissioner's report on review of a decision of a board of zoning appeals), § 18.2-308 (final order by circuit court refusing to reissue concealed weapon permit), and § 18.2-384 (decisions of a circuit court regarding the obscenity of a book).

[2] See, e.g., Fed. R. Civ. P. 52(a) (requiring the trial court to "find the facts specially and state separately its conclusions of law"); see also 2 U.S.C. § 1405 (administrative and judicial dispute-resolution procedures involving congressional complaints); 5 U.S.C. § 580 (review of arbitration awards); 8 U.S.C. § 1421 (judicial review of naturalization decisions); 18 U.S.C. § 3509 (court's decision to grant a continuance in a case involving child victims and witnesses); 21 U.S.C. § 346(a) (final agency decisions regarding pesticide chemical residues under the Food, Drug and Cosmetic Act); 28 U.S.C. § 157 (decisions of bankruptcy judges in non-core proceedings); 28 U.S.C. § 1407 (district court panel decisions relating to multidistrict litigation); 28 U.S.C. § 2255 (decisions in certain habeas corpus proceedings); 28 U.S.C. § 2645 (civil decisions of the Court of International Trade); 42 U.S.C. § 3612 (decisions of administrative law judge regarding fair housing).

<u>Circuit, Inc. v. United States</u>, 304 U.S. 55, 56 (1938) ("A discussion of portions of the evidence and the court's reasoning in its opinion do not constitute the special and formal findings by which it is the duty of the court appropriately and specifically to determine all the issues which the case presents.").

Guided by these principles, we hold that the 1999 amendment to Code § 20-124.3 requires the trial court to identify the fundamental, predominating reason or reasons underlying its decision. This level of specificity does not require the chancellor to address all aspects of the decisionmaking process, as one would expect from comprehensive findings of fact and conclusions of law. Nor does the 1999 amendment require the chancellor "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." <u>Sullivan v. Knick</u>, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002) (citation omitted); <u>see</u> <u>also</u> <u>Goodhand v. Kildoo</u>, 37 Va. App. 591, 600, 560 S.E.2d 463, 467 (2002); <u>Joynes v. Payne</u>, 36 Va. App. 401, 416, 551 S.E.2d 10, 17 (2001).

That said, the statutory command cannot be satisfied by formulaic and generalized explanations such as "I've considered all the factors and I rule thus and such" or "the best-interest test generally favors this or that party." It begs the question to say that identifying the statutory factors (either altogether or some subset of them) is the same as communicating the "basis"

- 7 -

for the decision. The statutory factors merely list topical issues for consideration. They become <u>reasons</u> for a particular decision only when one knows why the factors support the decision. To satisfy Code § 20-124.3, therefore, the trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating reason or reasons for the decision.

In this case, the decision at issue involves changing a prior custody order. "The test to be met 'has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children.'" <u>Hughes v. Hughes</u>, 33 Va. App. 160, 165, 531 S.E.2d 654, 656 (2000), <u>aff'd en banc</u>, 35 Va. App. 376, 545 S.E.2d 556 (2001) (quoting <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983)).

Because the chancellor did not announce his decision from the bench, we look to his letter opinion. In it, he makes general remarks about both parties and their mutual antagonism. The only comment suggesting a change of circumstances involves the observation that, despite Szymczak's earlier disinterested attitude, he had "seen the light" in recent years. The chancellor then concludes: "The Court has considered all the dictates of § 20-124.3 of the 1950 Code of Virginia (as amended). Further, the Court finds that there has been a

- 8 -

material change of circumstances that warrant[s] the Court considering a change in status."  On the best-interests issue, the chancellor's opinion repeats that he had considered "all the factors that the Court must consider" and gave "particular emphasis" to several of them.

Except for the metaphorical language, which we find insufficiently communicative, the chancellor's letter opinion does little more than simply state his decision.  No "basis" for the decision —— in terms of a fundamental, predominating reason or reasons for it —— was communicated to the parties.  The mere mention of the statutory factors, by itself, does not communicate why the judge ruled as he did.  And, for the same reason the formulaic remark about considering "all the factors" falls short, so too does the caveat about some of them being particularly important.

Szymczak argues that parties could infer the judge's underlying reasons for his decision from the guardian's report or from counsel's closing arguments or some other contextual source.  But that observation, even if true, proves too much. If the parties must infer the reasons, it is probably because the judge did not communicate them directly.  An unspoken and unwritten inference —— no matter how strong —— cannot substitute for what the statute requires:  an express communication to the parties of the basis for the decision.

Consequently, we hold that the chancellor's letter opinion fails to satisfy Code § 20-124.3's requirement that the trial court "communicate to the parties the basis for the decision either orally or in writing." We remand this matter to the trial court with instructions to provide an explanation in compliance with the statute.

B.

In his cross appeal, Szymczak claims the trial court erred by not awarding him attorney's fees and by requiring him to pay the guardian ad litem's entire fee. We disagree.

Whether to award attorney's fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)) (internal quotation marks omitted). The decision to apportion guardian fees between both parties or to one party alone also involves a matter within the chancellor's discretion. See, e.g., Infant C. v. Boy Scouts of America, 239 Va. 572, 584, 391 S.E.2d 322, 329 (1990) (noting that a chancellor "may" allocate guardian fees "based upon the final result"); Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993) ("Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian ad litem as costs

to the parties."). Because each case presents its own unique set of equities, principles of appellate review steer clear of inflexible rules and focus instead on "reasonableness under all the circumstances." Joynes, 36 Va. App. at 429, 551 S.E.2d at 24.

In our opinion, the chancellor did not abuse his discretion by denying Szymczak's request for attorney's fees. The record of this case demonstrates a level of rancor and discord thankfully rare in our courts. The legal fees alone tend to show this. Szymczak spent over $90,000 at the trial court level; Kane's fees exceeded $42,000. The record contains examples of sarcastic and prolix briefs, speaking objections and coaching during depositions, protracted procedural contests, and petty discovery disputes. While Szymczak claims Kane bears all of the blame, we cannot say the chancellor abused his discretion by finding that both parties contributed to this regrettable state of affairs and by ruling that neither party should be awarded attorney's fees.

We also find no abuse of discretion in the chancellor's decision to assess the cost of the guardian ad litem's fee against Szymczak. The guardian was appointed by the JDR court to investigate Szymczak's allegations of changed circumstances and to provide a recommendation on his request that custody of both boys be transferred to him. After the guardian provided a favorable recommendation to Szymczak in the JDR court, the chancellor reappointed the guardian for the de novo circuit court appeal. In his letter opinion, the chancellor observed that Kane had "worked

- 11 -

hard in the early years of child rearing with almost no support from the father."  The chancellor, however, found that Szymczak changed his ways and demonstrated his fitness to receive full custody.  In making out his case, Szymczak relied on the guardian's extensive investigation and report.  Kane, on the other hand, disputed the guardian's recommendations and claims on appeal that the guardian took an adversarial role in the proceedings.

The issue before us is not whether we find that the equities favor one or the other party, but whether the chancellor abused his discretion in finding that the equities favored the imposition of the guardian's fee on Szymczak.  While the chancellor could have divided the guardian's fees between the parties, Verrocchio, 16 Va. App. at 322, 429 S.E.2d at 487, he also had the discretion not to.  Under the circumstances of this case, we find no abuse of that discretion.

### III.

We hold that the chancellor's letter opinion fails to satisfy Code § 20-124.3's requirement that the trial court "communicate" to the parties the "basis of the decision."  We remand this matter to the trial court for compliance with this statutory mandate.  We find no abuse of discretion in the chancellor's denial of

Szymczak's request for attorney's fees or his assessment of the

guardian's fees against Szymczak.[3]

<u>Affirmed in part and
remanded.</u>

---

[3] We deny Szymczak's motion to dismiss Kane's appeal for allegedly violating Rule 5A:25, finding the assertion of prejudice insufficient to warrant such a remedy, but we nonetheless order Kane to reimburse Szymczak for the $2,035 advanced during the process of preparing the appellate appendix.  <u>See</u> Rule 5A:25(f). We also grant Szymczak's motion seeking reimbursement from Kane of the $105 cost of including Dr. Sellman's transcript in the appendix.  <u>Id.</u>  We deny (i) Kane's and Szymczak's respective requests for attorney's fees on appeal, finding that neither party has demonstrated that the other's position on appeal is unreasonable under all the circumstances; (ii) Kane's motion to dismiss Szymczak's appeal pursuant to Rule 5A:8(b), finding her allegation of prejudice insufficient to warrant dismissal; (iii) Szymczak's requests for sanctions and attorney's fees under Code § 8.01-271.1, finding that he failed to demonstrate that Kane asserted an argument not "well grounded" in fact or law or for some "improper purpose," <u>id.</u>; and (iv) Kane's "Motion to Remand Support Case To The Circuit Court," on the ground that allegations of unresolved issues in a final appealable order, under the circumstances of this case, cannot be addressed by segmenting those issues for a partial remand.

Bumgardner, J., dissenting.

I dissent from the holding that the trial court failed to communicate the basis of its decision.  In the context in which it was written to the attorneys of record, I find it complied with the minimum demanded by Code § 20-124.3.