COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, McClanahan and Senior Judge Coleman

LLOYD T. HOPPE, SR. AND
 PATRICIA L. HOPPE

MEMORANDUM OPINION[*]

v.        Record No. 0495-04-4                                                PER CURIAM
                                                                                    SEPTEMBER 21, 2004

ERIC A. SCHOLZ

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(John R. Powell; Gabeler, Battocchi, Griggs, & Powell, P.L.L.C., on
brief), for appellants.

No brief for appellee.

Lloyd T. Hoppe, Sr. and Patricia L. Hoppe appeal a decision of the trial judge ordering them

to pay $5,000 of the attorney's fees of Eric A. Scholz. Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the trial judge. Rule 5A:27.

Background

The Hoppes are the maternal grandparents of the daughter of Eric A. Scholz. The Hoppes

filed a motion for visitation with their granddaughter which the trial judge denied, ruling that the

Hoppes had failed to prove by clear and convincing evidence that actual harm to their

granddaughter would occur if the visitation was denied. See Griffin v. Griffin, 41 Va. App. 77,

83-85, 581 S.E.2d 899, 902-03 (2003) (holding that before third-party visitation can be ordered

over objection of child's parent, a court must find, by clear and convincing evidence, actual harm to

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

child's health or welfare without visitation).  The trial judge did not find that the Hoppes acted in bad faith, but she stated that the law "is very much against them."  The judge further found: "[Scholz] has been quite innocently dragged into what's turned out to be some expensive litigation. I do find his testimony credible that he proposed resolving this more amicably and without litigation."  Accordingly, the trial judge ordered the Hoppes to pay $5,000 of Scholz's attorney's fees.

Analysis

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'"  Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2002) (citation omitted).  "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The evidence showed that Scholz was amenable to amicably arranging supervised visitations between the Hoppes and their granddaughter.  Despite his expressed willingness and desire to resolve the dispute amicably, the Hoppes insisted on communicating via counsel and resolving the matter in a contested court proceeding with counsel, resulting in Scholz incurring over $9,000 in attorney's fees.  We cannot say the trial judge abused her discretion in ruling that the Hoppes, as the party causing the need for contested litigation, should contribute toward the cost of the legal proceedings, particularly in light of her ruling on the legal merits of their position.  Under these circumstances, the award of a portion of Scholz's attorney's fees was reasonable.  Thus, the trial judge did not abuse her discretion in awarding attorney's fees.

Accordingly, the trial judge's decision is summarily affirmed.

Affirmed.