COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


SARAH A. LEAKE

MEMORANDUM OPINION[*] BY
v.        Record No. 3268-03-4                JUDGE JERE M. H. WILLIS
                                              OCTOBER 12, 2004
DONALD M. LEAKE


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
F. Ward Harkrader, Jr., Judge Designate

J. Michael Sharman (Commonwealth Law Offices, P.C., on brief),
for appellant.

No brief or argument for appellee.

No brief or argument by the Guardian *ad litem* for the minor
children.


Sarah Leake (mother) appeals the judgment of the trial court ordering that she pay one-half

of the guardian *ad litem* fee and denying her request for an award of attorney's fees.  We affirm the

judgment of the trial court.

Mother had two children with Christopher Leake, who died in 2002.  Donald M. Leake, the

paternal grandfather of the two children (grandfather), filed in juvenile and domestic relations

district court (JDR court) petitions seeking visitation with the children.  The JDR court denied the

petitions and ordered grandfather to pay $1,772.50 of mother's attorney's fees, $550 of which was

imposed as a sanction.

Grandfather appealed the JDR court's denial of visitation to the trial court.  The trial court

appointed for the children a guardian *ad litem*, who participated in the proceedings.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the trial court hearing, grandfather testified that he had never telephoned mother to ask for visitation and that he had requested visitation only once since the children's father's funeral. The report of the guardian *ad litem* was admitted into evidence.

The trial court denied grandfather's request for visitation. It denied mother's motion for attorney's fees and ordered her to pay $325, or one-half, of the guardian *ad litem*'s fee. Mother appeals the trial court's judgment concerning the guardian *ad litem* fee and her request for an award of attorney's fees.

> "The courts of the Commonwealth have a long history of protecting the interests of minor children and have expressed that careful concern by ensuring that the rights and interests of the minors are safeguarded. Code §§ 8.01-9 and 16.1-266 require that guardians *ad litem* or counsel be appointed to represent a child's interests when the child is involved in court proceedings."

Verrocchio v. Verrocchio, 16 Va. App. 314, 320, 429 S.E.2d 482, 486 (1993) (citation omitted).

> Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties. Code §§ 20-79(b) and 20-99(5) provide the statutory basis for the award of such costs as equity and justice may require. Such an award is considered remedial and is within the recognized "discretion of a court of equity over the subject of costs." Code § [17.1-600].

Id. at 322, 429 S.E.2d at 487.

Although a trial court or chancellor "may" allocate guardian fees "based upon the final result," Infant C. v. Boy Scouts of America, 239 Va. 572, 584, 391 S.E.2d 322, 329 (1990), we cannot say the trial court abused its discretion by ordering each of the parties to pay one-half of the guardian *ad litem* fee. The guardian *ad litem* was appointed to protect the interests of the children. In addition, according to the written statement of facts, the report of the guardian *ad litem* favorably addressed an issue related to mother's successful treatment for depression. "The issue before us is not whether we find that the equities favor one or the other party, but whether the [trial court] abused [it]s discretion in finding that the equities favored the imposition of the

guardian's fee [equally on both parties]." Kane v. Szymczak, 41 Va. App. 365, 376, 585 S.E.2d 349, 355 (2002). Because the record discloses no abuse of discretion, we affirm the trial court's allocation of the guardian *ad litem*'s fee.

Mother also appeals the trial court's denial of her request for an award of attorney's fees. "Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Id. at 375, 585 S.E.2d at 354 (citation omitted). A trial court's award of sanctions is an abuse of discretion if its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. See Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

While the record abundantly reveals the lack of legal merit in grandfather's litigation, it is silent as to the trial court's considerations underlying its denial of attorney's fees. For example, nothing in the record discloses the relative financial positions of the parties or grandfather's understanding of his legal rights. To find an abuse of discretion, we must have a clear basis for doing so. The record affords no such basis. Under these circumstances, we cannot conclude that the trial court abused its discretion by denying mother an award of attorney's fees.

Mother also requests that we award her attorney's fees incurred in this appeal. Because of the view that we take of the merits of the case, we decline to make such an award.

In her opening brief under the heading "Statement as to Relief Sought," mother asks us to affirm the award of attorney's fees by the JDR court. Because mother did not include this issue as a question presented, we do not address it here. See Rule 5A:20.

For these reasons, we affirm the judgment of the trial court.

Affirmed.