COURT OF APPEALS OF VIRGINIA


Before:    Judges Elder, Humphreys and Kelsey
Argued at Richmond, Virginia


JAMES EDWIN McKINNON

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1875-05-2                  JUDGE D. ARTHUR KELSEY
                                                         MARCH 21, 2006
MICHELLE ATKINSON WOOD McKINNON


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                Gary A. Hicks, Judge

                Ann Brakke Campfield (The Barnes Law Firm, P.C., on
                briefs), for appellant.

                Mary Beth Long (Donald K. Butler; ButlerCook, L.L.P., on
                brief), for appellee.


        James E. McKinnon appeals a final divorce decree that equitably distributed an asset he

claims to be his separate property.  His former wife, Michelle A. W. McKinnon, cross appeals

the chancellor's adoption of the commissioner's factual finding on dissipation and his decision

not to award her attorney fees.  Agreeing with husband's contentions, but disagreeing with

wife's, we reverse and remand the equitable distribution award portion of the final decree.

                                          I.

                      A.  SEPARATE PROPERTY CLASSIFICATION

        As wife's counsel conceded at oral argument on appeal, the commissioner properly

identified the "Fidelity New Millennium Fund" as husband's separate property.  At the time of

valuation, this particular fund included 2,905.986 shares and carried a total value of $87,964.20.

See J.A. 43.  The commissioner, however, mistakenly included this figure in his valuation of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marital estate.  See J.A. 44, 56 (including "Fidelity New Millennium Fund" value within $89,716 value attributed to commingled funds); J.A. 65 (showing separate values for "Fidelity New Millennium Fund" and other commingled funds).  The chancellor plainly erred in not correcting this mistake when it was brought to his attention.  We reverse the equitable distribution portion of the final decree and remand with instructions to modify the award in a manner that recognizes the separate property classification of the "Fidelity New Millennium Fund."[1]

## B.  DISSIPATION OF MARITAL ASSETS

Wife argues on appeal that her husband dissipated marital assets on improper post-separation expenses.  Dissipation of marital assets, often called waste, occurs where one spouse uses "marital funds in anticipation of divorce or separation for a purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy."  Theismann v. Theismann, 22 Va. App. 557, 570-71, 471 S.E.2d 809, 815, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996); see also Budnick v. Budnick, 42 Va. App. 823, 839, 595 S.E.2d 50, 58 (2004).  "When waste has occurred," wife correctly points out, "the trial court must include the wasted assets as marital property and must consider the waste as a factor in determining the monetary award."  Booth v. Booth, 7 Va. App. 22, 28-29, 371 S.E.2d 569, 573 (1988).

---

[1] In the alternative, wife argues this classification mistake should be deemed harmless error because the commissioner and chancellor would have made exactly the same equitable distribution award to her given the other equities in the case.  This argument, however, should be addressed to the trial court on remand.  See, e.g., Gilman v. Gilman, 32 Va. App. 104, 123, 526 S.E.2d 763, 772 (2000) ("Because of our holding that a substantial amount of [husband's] separate property was mis-classified as marital property, the trial court will have to reconsider the division of the parties' marital property on remand."); Hart v. Hart, 27 Va. App. 46, 69, 497 S.E.2d 496, 507 (1998) (directing the chancellor to classify certain property as separate and then to "redetermine how the balance shall be distributed in accordance with the subsection (E) factors").  We express no opinion on the subject.

In this case, the commissioner found that husband carried his burden of proving no post-separation waste occurred.[2] His testimony matched the challenged expenditures to home repairs, payment of wife's quarterly taxes, payment into wife's irrevocable trust, partial payment of wife's vehicle, country club initiation fees for the family incurred prior to separation, mortgage payments on the marital home occupied by wife, payment of pre-separation tax liabilities, legal fees, and other living expenses. Though husband admitted some uncertainty as to a few expenses, he also presented evidence of his deposit of post-separation income into marital accounts that would more than offset the doubtful expenditures. Finding this testimony persuasive, the commissioner found "ample evidence" refuting wife's assertion of dissipation of marital assets. The chancellor came to the same conclusion.

Our review of the record provides no basis for wife's challenge to the factual findings made by the commissioner and chancellor on the waste issue. As we have said in similar contexts: "This issue resolves itself under our appellate review standard. Under this standard, if 'the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court.'" Congdon v. Congdon, 40 Va. App. 255, 266, 578 S.E.2d 833, 838 (2003) (citation omitted). Consequently, "we are bound by those findings regardless of whether there is evidence that may support a contrary finding." Galloway v. Galloway, 47 Va. App. 83, 92, 622 S.E.2d 267, 271-72 (2005).

---

[2] "Once the aggrieved spouse shows that marital funds were withdrawn or used after the breakdown, the burden rests with the party charged with dissipation to prove that the money was spent for a proper purpose." Anderson v. Anderson, 29 Va. App. 673, 695, 514 S.E.2d 369, 380 (1999) (quoting Clements v. Clements, 10 Va. App. 580, 587, 397 S.E.2d 257, 261 (1990)); see also Luczkovich v. Luczkovich, 26 Va. App. 702, 714, 496 S.E.2d 157, 163 (1998) (holding that "the burden is on the party who last had the funds to establish by a preponderance of the evidence that the funds were used for living expenses or some other proper purpose" (citation omitted)).

## C. ATTORNEY FEES IN THE TRIAL COURT

Wife argues that the chancellor erred in accepting the commissioner's recommendation to deny her an award of attorney fees. The question whether to award attorney fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (citation omitted). "Factors to be considered include the respective financial positions of the spouses and their degree of fault in precipitating the end of the marriage." Gilman v. Gilman, 32 Va. App. 104, 124, 526 S.E.2d 763, 773 (2000).[3] Trial courts should also consider whether "obstructive conduct" by either party compounded the costs of litigation. Smith v. Smith, 43 Va. App. 279, 290, 597 S.E.2d 250, 256 (2004); Kane, 41 Va. App. at 375, 585 S.E.2d at 354 (finding that both parties contributed to a "level of rancor and discord thankfully rare in our courts").

In this case, the commissioner found husband to be at fault for causing the dissolution of the marriage. Even so, the commissioner reasoned, a substantial portion of the marital estate was purchased with husband's separate funds later commingled with marital assets. In no small part, wife's attorney fees financed her successful effort to demonstrate the untraceably hybrid character of these funds — thereby increasing the value of the marital estate subject to distribution. Because the parties each took legitimate (albeit flatly contradictory) positions and both had the financial ability to absorb their own fees, the commissioner refused to award fees to either. The chancellor concurred, adopting the commissioner's reasoning.

In such cases, the "issue before us is not whether we find that the equities favor one or the other party, but whether the chancellor abused his discretion" in finding that the equities favored or disfavored a fee award. Kane, 41 Va. App. at 376, 585 S.E.2d at 355. When dealing

---

[3] See also Theismann v. Theismann, 22 Va. App. 557, 574, 471 S.E.2d 809, 817, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996); Poliquin v. Poliquin, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991).

with such discretionary decisions, only "when reasonable jurists could not differ can we say an abuse of discretion has occurred." Hernandez-Guerrero v. Commonwealth, 46 Va. App. 366, 370, 617 S.E.2d 410, 412 (2005) (citation omitted). No abuse of discretion has been shown under the circumstances of this case.

## II.

In sum, the chancellor erred in adopting the commissioner's recommendation to treat the "Fidelity New Millennium Fund" as marital property subject to an equitable distribution award. We find no error, however, in the chancellor's decision to accept the commissioner's factual finding rejecting wife's dissipation claim and his recommendation against an award of fees to wife.

Affirmed in part,
reversed and
remanded in part.
