COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


ROBERT WAVERLY ROPER

                                                MEMORANDUM OPINION* BY
v.        Record No. 0547-07-2                  JUDGE WILLIAM G. PETTY
                                                   DECEMBER 27, 2007
NANCY CHENAULT ROPER


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                 Mary Burkey Owens, Judge *Pro Tempore*

            Graham T. Jennings, Jr., for appellant.

            Thomas L. Gordon (Gordon, Dodson, Gordon & Rowlett, on brief),
            for appellee.


        This appeal arises from a final decree of divorce.  Husband, Robert Waverly Roper,

contends the trial court erred by (1) awarding wife, Nancy Chenault Roper, a forty-five percent

share of the marital residence; (2) refusing to grant husband a divorce on the ground of constructive

desertion; and (3) refusing to award husband his attorney's fees and costs.[1]  For the reasons

discussed in this opinion, we affirm.

                                            I.

        Husband contends the trial court erred when it awarded wife a forty-five percent share of

the marital residence as part of the equitable distribution award pursuant to Code § 20-107.3.  In

his brief, husband concedes the marital residence was a marital asset and that the trial court

correctly valued the equity in the marital home at $48,817.52.  Husband asserts that, based upon

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In his brief, husband abandoned a fourth question presented concerning the refusal of
the trial court to award him spousal support.  Therefore, we need not address it in this opinion.

the evidence he presented at trial, the trial court abused its discretion when it applied the statutory factors in Code § 20-107.3 and failed to award him all of the equity in the marital residence. This argument is without merit.

"A decision involving the equitable distribution of marital property 'rests within the sound discretion of the trial court,' and can be overturned only by a showing of an abuse of that discretion." Owens v. Owens, 41 Va. App. 844, 853, 589 S.E.2d 488, 493 (2003) (quoting Mir v. Mir, 39 Va. App. 119, 125, 571 S.E.2d 299, 302 (2002)). The amount and form of any equitable distribution award "are matters committed to the sound discretion of the trial court." Barker v. Barker, 27 Va. App. 519, 535, 500 S.E.2d 240, 248 (1998).

By final decree, the trial court divided the equity in the marital residence by awarding fifty-five percent to husband and forty-five percent to wife. Wife was ordered to convey her interest in the marital residence to husband "as soon as possible." The final decree provided that within sixty days, husband would pay wife $21,967.88 for her interest in the marital residence.

Prior to entering the final decree, the trial court entered an opinion setting forth its reasons for the equitable distribution award. The trial court found:

> [Husband] benefited greatly from the transaction which resulted in the conveyance of the marital residence to [wife] and the parties' Antenuptial Agreement. [Husband] insists that the reason for the transaction was to obtain a lower interest rate; however, the evidence shows that the transaction between [husband] and [wife] was necessitated by [husband's] bankruptcy proceedings. [Husband] could have arranged alternate financing; however, he did not. Instead he entered into a bona fide sales transaction with [wife] with the contractual assurance from her that the residence would become a marital asset jointly owned by both parties. Nowhere in the Agreement was the asset identified to remain either [husband's] or [wife's] separate property; it was to be a marital asset, re-titled jointly upon marriage.

The trial court also took into account, however, that husband paid most of the mortgage payments, taxes, and insurance costs for the marital residence. Moreover, he made

improvements to the home and was primarily responsible for cleaning and cooking.  Therefore, based upon husband's contributions, the trial court awarded husband fifty-five percent of the equity in the marital residence and forty-five percent to wife.

Thus, we find no basis for husband's claim that the trial court abused its discretion with regard to the equitable distribution of the marital residence.

## II.

The husband contends the trial court erred when it refused to grant him a divorce on the ground of constructive desertion.  In the proceedings below, husband sought a divorce on the ground of constructive desertion and wife alleged desertion.  The trial court, however, granted husband a divorce based upon separation of the parties for more than one year without interruption or cohabitation.  In so doing, the trial court found that the parties separated on December 8, 2004 and appeared in court for an evidentiary hearing on December 19, 2005.

When viewed in the light most favorable to the wife, the party who prevailed below, the evidence clearly supports the trial court's findings.  Moreover, even if we were to assume that husband established a prima facie case of constructive desertion, "[w]here dual or multiple grounds for divorce exist, the trial [court] can use [its] sound discretion to select the grounds upon which [it] will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989).  The trial court ruled that this divorce should be granted to the husband based upon the parties having been separated for one year, which was proven and corroborated by the evidence.

Therefore, the trial court did not abuse its discretion in determining the appropriate ground upon which to grant the divorce.

III.

Husband contends the trial court erred in failing to award attorney's fees and costs. The question of whether to award attorney's fees "'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)); see also Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "Given the unique equities of each case, our appellate review steers clear of inflexible rules and focuses instead on 'reasonableness under all the circumstances.'" Kane, 41 Va. App. at 375, 571 S.E.2d at 354 (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)).

The record reflects that the trial court considered each party's request for attorney's fees and concluded:

> The Court considered the testimony of the parties and arguments of counsel on this issue. The Court finds that each party has expended significant sums for attorney's fees. Both parties have also taken actions to exacerbate this litigation. For example, [husband] refused to negotiate with [wife] concerning payment of the mortgage on the marital residence and instead petitioned the Juvenile Court for spousal support. On the other hand, [wife], without consulting [husband], used the mortgage and tax deduction for the marital residence on her individual income taxes for tax year 2004 when she was fully aware that [husband] had made all of the mortgage, tax and insurance payments on the marital residence using his salary. Accordingly, the evidence presented does not warrant an award of attorney's fees by either party to the other.

The record contains credible evidence in support of the trial court's findings; therefore, we determine that the trial court did not abuse its discretion in denying husband's claim for attorney's fees.[2]

---

[2] The trial court also ordered the parties to pay an equal share of the costs of the judge *pro tempore* fees of $3,000.

IV.

We hold the trial court did not abuse its discretion and affirm the final decree of divorce.

Affirmed.