COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Willis

MICHAEL ANDREW FORBES

MEMORANDUM OPINION[*]

v.      Record No. 1081-12-1                    PER CURIAM
                                                JUNE 11, 2013
KERI E. FORBES

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

(Charles E. Haden; Chamie A. Riley, Guardian *ad litem* for the
minor children, on brief), for appellant.

(Douglas J. Walter; Lisa A. Mallory; Thomas A. Burcher; Moschel,
Clancy & Walter, P.L.L.C.; Hawkins, Burcher & Boester, P.C., on
brief), for appellee.

Michael Andrew Forbes, father, appeals a decision of the trial court denying father's motion

to amend custody of the parties' three children.  Father argues the trial court's decision was plainly

wrong and was not in the best interests of the children.  He also contends the trial court appeared to

base its decision on one factor and failed to give due weight to other factors set forth in Code

§ 20-124.3.  On cross-appeal, mother asks for attorney's fees and costs incurred by her in this

appeal.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.  We deny

mother's request for attorney's fees.

We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of Human

Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties divorced in 2008 and had three children during their marriage. On August 6, 2008, by order entered in the City of Hampton Juvenile and Domestic Relations District Court (J&DR court), the parties agreed they would have joint legal custody of the children, mother would have primary physical custody, and father would have a right of reasonable visitation. On April 12, 2011, father filed in the J&DR court a motion to amend or review the custody order, seeking primary physical custody of the children. The J&DR court granted the motion to amend custody, and mother appealed the J&DR court decision to the trial court.

The trial court held a *de novo* hearing on August 6, 2012. Both parents presented evidence about their home environments. Father asserted, among other things, that he had concerns about mother's residence and he alleged mother maintained an unstable home environment because her brother resided with the family and father believed the brother had a substance abuse issue. Father also expressed concern that mother had given birth to a fourth child and had no relationship with that child's father. Father, who resided in North Carolina, presented evidence that he had remarried, had a stable marriage, and he currently lived in a four-bedroom house where each child would have a bedroom. Although father acknowledged that mother was not an unfit or bad parent, he argued he could provide a better home setting for the children.

Mother had been a life-long resident of the peninsula area except when she lived with father in areas where he was deployed in the military. Mother presented evidence that she resided in a five-bedroom house with adequate furnishings and bedrooms for the children. She had previously lived in a three-bedroom townhouse. Mother's sister lives in the area and is the children's "back-up" caregiver. Mother also testified her brother did not consume alcohol in the presence of the children. Numerous witnesses, including relatives who lived nearby, testified mother meets the daily needs of the children and she is a good and devoted mother. Evidence was presented that the children's paternal and maternal grandparents live in Hampton and "provided a healthy family

- 2 -

support system" for the children. For the most part, the children had been in mother's primary care since 2006. The oldest child, T.F., had resided with father since January 2011, and the other two children moved to father's residence in August 2011 after the J&DR court's ruling.

The guardian *ad litem* recognized that mother had greatly improved her living situation, but she opined that father should have primary physical custody of the children, with mother having reasonable visitation.

The record indicates the trial court found a material change in circumstances had taken place since the entry of the August 2006 custody order. However, the written statement of facts states the trial court found, "considering the factors," it was in the best interests of the children that they be placed in the primary physical custody of mother. The trial court also found mother met the needs of the children. The trial court noted that relatives of both father and mother live in the Hampton area and thus provide mother with a family support network in rearing the children. The written statement of facts provides: "Even when the Father was deployed, the Father picked the support network which was [in Hampton]." The trial court denied father's motion to amend custody.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"The test [for modifying custody] . . . has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial

court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

The record reflects that the trial court considered the evidence presented by both father and mother. The record also specifically states the trial court considered "the factors" when determining the best interests of the children. The written statement of facts further provides that the trial court "clearly pointed out to all parties that the scale tilted in favor of the Mother because the family support network had always been here in Hampton." "We have interpreted [Code § 20-124.3] as 'requir[ing] the trial court to identify the fundamental, predominating reason or reasons underlying its decision.'" Artis v. Jones, 52 Va. App. 356, 363, 663 S.E.2d 521, 524 (2008) (quoting Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003)). This is precisely what the trial court did. It identified the "fundamental, predominating reason" for denying father's motion—that mother had a family support network nearby. Furthermore, the trial court "is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Brown, 30 Va. App. at 538, 518 S.E.2d at 338 (quoting Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995)).

Moreover, our role on appeal is not to reweigh this evidence but to ensure that the trial court did not abuse its discretion. The record before us furnishes ample evidence to support the trial court's judgment. We hold that, on the evidence presented, the trial court did not abuse its discretion in denying father's motion to amend the custody arrangement.

Mother seeks an award of the attorney's fees and costs she incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny mother's request.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.