COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Humphreys, Ortiz and Senior Judge Annunziata
Argued by videoconference


LASHA BRISCOE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1496-22-4              JUDGE ROSEMARIE ANNUNZIATA
                                                          OCTOBER 17, 2023
BRIAN BRISCOE, JR.

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Mikhail "Misha" Lopez (Lee Lopez Law, PLLC, on briefs), for
appellant.

Adrian P. Showells II (ShounBach, on brief), for appellee.


Lasha Briscoe (mother) appeals the circuit court's order granting Brian Briscoe, Jr.'s (father)

motion to modify custody, visitation, and support.  Mother challenges the circuit court's order that

she pay 50% of the child's private school tuition, because the circuit court failed to explain in

writing why the presumptive amount from the child support guidelines was unjust or inappropriate.

Mother also argues that the circuit court abused its discretion when it relied solely on her 2021

income, and failed to consider her current income, in calculating the child support award.  Finally,

mother challenges the circuit court's order awarding attorney fees to father.  We find no error and

affirm the decision of the circuit court.

## BACKGROUND

Under familiar principles of appellate review, "we view [the] evidence and all reasonable

inferences in the light most favorable to the prevailing party below."  *Ridenour v. Ridenour*, 72

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Va. App. 446, 450 (2020) (alteration in original) (quoting *Pommerenke v. Pommerenke*, 7 Va. App. 241, 244 (1988)).

Mother and father married in 2006, and one child was born to the marriage. Father filed a complaint for divorce in February 2020. The parties entered an "Agreed Pendente Lite Child Support Order." Mother and father agreed to split equally the child's reasonable and necessary un-reimbursed medical and dental expenses. Mother and father also agreed to split equally the expenses for the child's private school tuition, tutor, and extracurricular activities. In December 2020, the circuit court entered a final order of divorce. The final order stated that "[t]he issue of child support has been resolved, pendente lite, by the Agreed Pendente Lite Child Support Order, entered by this Court on November 17, 2020."

On November 10, 2021, the circuit court entered an order incorporating the parties' "Custody, Visitation and Child Support Award," which they agreed to in arbitration. The parties agreed to each pay 50% of the child's private school tuition and education costs. The order awarded mother primary physical custody, and the parties joint legal custody.

On March 7, 2022, father filed a motion to modify custody, visitation, and support. Father alleged that "there have been a number of material changes in circumstances that warrant modification of both physical and legal custody." In his motion to modify, father asked the circuit court to award him sole legal custody and primary physical custody, subject to visitation with mother. Father also asked the circuit court to award him attorney fees and costs.

Father moved for an award of pendente lite child support because the child had resided with him since January 28, 2022, and mother was not exercising visitation with the child. Father stated that he continued to pay his court-ordered child support obligation to mother while the child resided with him. The circuit court suspended father's child support obligation and stated that the matter of child support would be "subject to further review at the final hearing."

At father's request, the circuit court entered an order compelling mother to respond to father's discovery. After mother failed to respond, the circuit court granted father's motion for sanctions. The sanctions included prohibiting mother "from presenting evidence, in the form of testimony of any witnesses, documents, or exhibits, and/or asserting any claims or defenses for which documents and/or information was requested in discovery but not produced," and "from offering any rebuttal to evidence offered by" father.

The parties convened for a hearing on August 22, 2022. Father testified that he and mother had previously agreed that the child should attend private school and that he wanted the child to continue attending private school. Father testified that the child had been in private school since pre-kindergarten and that "private school provided a stable environment for the child." The annual tuition for the child's private school was $41,700. Following the divorce, mother contacted the school, informing them that she refused to pay 50% of the child's tuition. Father stated that he could not afford the tuition without mother's contribution. Father testified that mother's income was $250,000, and he offered into evidence mother's 2021 W-2 preview showing that salary.

During the hearing, mother's testimony was limited by the order regarding the motion for sanctions. Mother offered "no evidence indicating she was unemployed or what her income was at the time of the hearing."

After considering the parties' testimony and evidence, the circuit court found in favor of father, and ordered mother to pay 50% of the child's educational expenses. The circuit court held that "the parties had discussed private school and agreed to it in the past" and that "private school attendance was in the best interest of the child." The circuit court determined that mother's income was $250,000, based on father's testimony.

On September 1, 2022, the circuit court entered a written order modifying custody, visitation and child support. The circuit court found a material change of circumstances had occurred and

awarded father sole legal and physical custody of the child. The circuit court ordered mother to pay $1,316 monthly in child support, which was the presumptive amount under Code § 20-108.1 and Code § 20-108.2, and ordered mother to pay father $17,205.20 in attorney fees. Finally, the circuit court ordered the parties to split the child's private school tuition equally, finding that there was a "demonstrated need for [the child] to attend private school and the parties have the ability to pay said costs." The child support worksheet attached to the final order stated that mother's statutory gross monthly income for support was $20,833. Mother appeals.

ANALYSIS

I. Private School Tuition

In her first two assignments of error, mother argues that the circuit court erred by failing to explain in writing the basis for why the presumptive child support amount was "unjust or inappropriate when it ordered [m]other to pay 50% of the child's private school tuition." Mother argues that Code § 20-108.2(A) required the circuit court to make written findings for deviating from the presumptive amount provided for in the child support guidelines.

Code § 20-108.1(B) states that "there shall be a rebuttable presumption . . . that the amount of the award that would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded."

> In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case. The finding that rebuts the guidelines shall state the amount of support that would have been required under the guidelines, [and] shall give a justification of why the order varies from the guidelines . . . .

*Id.* Code § 20-108.2 also governs how the presumptive child support amount is to be calculated. Here, mother did not argue before the circuit court that the court failed to comply with the requirements of Code §§ 20-108.1 and 20-108.2. However, she contends that we should

- 4 -

consider this argument on appeal under the ends-of-justice exception to Rule 5A:18 based on this Court's decision in *Herring v. Herring*, 33 Va. App. 281 (2000).

Mother contends that this Court should not rely upon the statement of facts, signed by the circuit court on December 21, 2022, because it was created "months after" the circuit court entered the support order, to determine whether the circuit court complied with Code §§ 20-108.1 and 20-108.2. Mother does not dispute that she timely filed the statement of facts with the circuit court or that, as permitted by Rule 5A:8, father timely objected to mother's statement of facts. Pursuant to 5A:8(d), the circuit court held a hearing on father's objections, resolved the parties' arguments, and signed the statement of facts while the record remained in the clerk's office. Under Rule 5A:8(d), the statement of facts is a part of the record because "[a]t any time while the record remains in the office of the clerk of the trial court, the trial judge may, after notice to counsel and hearing, correct the transcript or written statement."

Accordingly, this Court may consider the statement of facts to address the claims made on appeal by the mother, which are found to be without merit for the following reasons.

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." *Da'Mes v. Da'Mes*, 74 Va. App. 138, 144 (2022) (quoting *Niblett v. Niblett*, 65 Va. App. 616, 624 (2015)). "Child support decisions . . . 'typically involve fact-specific decisions best left in the "sound discretion" of the trial court.'" *Id.* (quoting *Niblett*, 65 Va. App. at 624).

"Implicit in the statutory scheme is that educational expenses are included in the presumptive amount of child support as calculated under the Code." *Oley v. Branch*, 63 Va. App. 681, 697 (2014) (quoting *Smith v. Smith*, 18 Va. App. 427, 435 (1994)). As explained above, however, it is within the circuit court's discretion to deviate from the presumptive support

guidelines based on the factors found in Code § 20-108.1(B) as they affect the obligation of each party, the ability of each party to provide child support, and the best interests of the child. Code § 20-108.1(B). One of the factors providing grounds for deviating from the statutory presumption specifically includes direct payments ordered by the court for "educational expenses." Code § 20-108.1(B)(6). The circuit court may order a parent "to pay for private educational expenses, even though such expenses exceed the guidelines, when there is a demonstrated need for the child to attend private school and the parent has the ability to pay." *Oley*, 63 Va. App. at 698 (quoting *Ragsdale v. Ragsdale*, 30 Va. App. 283, 295 (1999)). In determining whether there is a demonstrated need for the child to attend private school, "the [circuit] court must consider 'factors such as the availability of satisfactory public schools, the child's attendance at private school prior to the separation and divorce, the child's special emotional or physical needs, religious training, and family tradition.'" *Id.* at 700 (quoting *Joynes v. Payne*, 36 Va. App. 401, 424 (2001)).

The circuit court's order expressly stated that it determined the child support award in accordance with the "the presumptive amount as set forth in the statutory guideline of [Code] § 20-108.1 and [Code] § 20-108.2, using the findings and factors set forth in the findings orally provided by the court." As reflected in the statement of facts, the record demonstrates the circuit court fully explained the basis for deviating from the guidelines when it required mother to pay for 50% of the child's private school tuition. The circuit court heard testimony about the benefit the child received from private school. The circuit court also heard testimony that both mother and father had attended private school and that the child had attended private school since pre-kindergarten. During the hearing, the circuit court found that private schooling was in the best interest of the child. In the final order, the circuit court stated in writing that it considered both the child's "demonstrated need" for private school and mother's ability to pay tuition. *See Oley*, 63

- 6 -

Va. App. at 700. Under these circumstances, we find that there was sufficient evidence to support the circuit court's decision to deviate from the child support guidelines to include the cost of the child's private school tuition, and therefore we find no abuse of discretion. As such, we will not disturb the circuit court's ruling.

## II. Income Calculation

In her third assignment of error, mother contends that the circuit court erred in relying on her 2021 W-2 in determining her income.[1] "The issue of a party's income is a question of fact that we will not disturb unless it is plainly wrong or without evidence to support it." *Da'Mes*, 74 Va. App. at 145 (quoting *Milam v. Milam*, 65 Va. App. 439, 462 (2015)). "However, '[i]nterpreting a statute is a pure question of law that the Court reviews *de novo*.'" *Id.* (quoting *Cleary v. Cleary*, 63 Va. App. 364, 369 (2014)).

The record reflects that the only evidence about mother's income was her W-2 and father's testimony that mother's income was $250,000. Mother "provided no evidence indicating she was unemployed or what her income was at the time of the hearing." Although mother now argues that the circuit court should have considered her income deposits into her USAA bank account, she did not raise this portion of her argument in the circuit court, and it is waived under Rule 5A:18. As the record contains no other evidence of income, we will not disturb the circuit court's determination that mother's income was $250,000.

## III. Attorney Fees

Mother next argues that the circuit court erred in ordering her to pay for any of father's attorney fees. Mother asserts that should we reverse and remand for calculation of child support, "the attorney's fees award must be as well because the prior award favored [f]ather as the prevailing

---

[1] Father claims that this assignment of error is waived. Mother, however, specifically objected to the circuit court calculating the basic presumptive amount of child support by relying on her "prior-year income."

party on all issues." "'Whether to award attorney's fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion."'" *Conley v. Bonasera*, 72 Va. App. 337, 350 (2020) (quoting *Kane v. Szymczak*, 41 Va. App. 365, 375 (2003)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." *Id.* (quoting *McGinnis v. McGinnis*, 1 Va. App. 272, 277 (1985)). As we are affirming the circuit court's order, however, mother's argument is meritless.

## IV. Appellate Attorney Fees

Finally, father requests an award of appellate attorney fees and costs expended in this matter. The decision to award attorney fees and costs incurred on appeal is within the sound discretion of the appellate court. *See* Rule 5A:30; *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). The Court's decision is not limited to whether a party prevailed on appeal but considers whether the issues raised were "frivolous" and the equities of the case. *See Wright v. Wright*, 61 Va. App. 432, 470 (2013) (quoting *O'Loughlin*, 23 Va. App. at 695). Having thoroughly reviewed the record on appeal, we decline to award attorney fees in this matter.

## CONCLUSION

For the foregoing reasons, the circuit court's order is affirmed.

*Affirmed*.