COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Kelsey and McClanahan
Argued at Alexandria, Virginia


JOSE SIMON HERNANDEZ-GUERRERO

                                                            OPINION BY
v.         Record No. 2023-04-4              JUDGE D. ARTHUR KELSEY
                                                            AUGUST 16, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
James F. Almand, Judge

Nader Hasan for appellant.

John H. McLees, Senior Assistant Attorney General (Judith
Williams Jagdmann, Attorney General; Denise C. Anderson,
Assistant Attorney General, on brief), for appellee.


A jury convicted Jose Simon Hernandez-Guerrero of lynching by mob, stabbing during

the commission of a felony, and malicious wounding by mob. See Code §§ 18.2-40, 18.2-53 &

18.2-41. On appeal, Hernandez-Guerrero claims his convictions should be overturned because

the trial court allowed a victim witness to remain in the courtroom prior to testifying. We

disagree and affirm.

I.

In a parking lot in Arlington, Hernandez-Guerrero and several others confronted the

victim, Juan Carlos Moreno, and his brother, Francisco Moreno. The Moreno brothers ran

several hundred yards to escape. Hernandez-Guerrero and his companions gave chase and

eventually surrounded the two brothers. Wielding what looked like a screwdriver, Hernandez-

Guerrero threatened to kill them. Hernandez-Guerrero and his companions then attacked the

Moreno brothers. The attack left Juan Carlos Moreno with a stab wound in the back and injuries

to his shoulder and stomach. His brother sustained fatal injuries. Three of the attackers, including Hernandez-Guerrero, ran off and hid under a parked car. Police officers found them under the car shortly after the attack. Hernandez-Guerrero had Juan Carlos Moreno's blood on his right hand and clothing.

The Commonwealth prosecuted the three attackers separately. In the trials of the two codefendants, which preceded Hernandez-Guerrero's trial, Juan Carlos Moreno was allowed to remain in the courtroom throughout the proceedings. As a result, Moreno heard the testimony of all of the prosecution's witnesses.

At the start of Hernandez-Guerrero's trial, the prosecutor requested that Moreno be exempted from the usual sequestration order pursuant to Code §§ 19.2-11.01(4)(b) & 19.2-265.01. Hernandez-Guerrero objected. Conceding that Moreno was present in the courtroom during the trials of the other two codefendants, Hernandez-Guerrero argued that sitting through his trial would inevitably infect Moreno's testimony. Hernandez-Guerrero, however, gave the trial court no specific examples of how Moreno would be uniquely vulnerable to being influenced by the testimony of other witnesses. Nor did Hernandez-Guerrero explain how the witnesses' testimony during his trial would affect Moreno any differently than their (presumably similar) testimony at the earlier two trials.

The trial court granted the prosecutor's motion to allow Moreno to remain in the courtroom during the trial. After three other witnesses testified, Moreno took the stand and offered his testimony about the attack, the injuries he received, and Hernandez-Guerrero's role in the attack. On cross-examination, Hernandez-Guerrero's counsel asked no questions in an attempt to challenge Moreno's testimony by showing how it had been allegedly enhanced or altered by sitting through earlier testimony. Later, during closing arguments, Hernandez-

Guerrero's counsel also made no effort to persuade the jury that Moreno's testimony should be discredited due to his ability to conform it to the testimony of the earlier witnesses.

The jury found Hernandez-Guerrero guilty. We granted his petition for appeal to address only one narrow issue: whether the trial court erred in permitting Moreno to remain in the courtroom prior to testifying.

## II.

The witness sequestration rule has never applied to a criminal defendant, for he necessarily "must be able to attend his own trial, even if he plans to testify on his own behalf." Wayne R. LaFave, *et al.*, Criminal Procedure § 24.4(d), at 525 (2d ed. 1999). But it has traditionally applied to victims of crime. Prior to 1999, Virginia law provided that "if either the attorney for the Commonwealth or any defendant represents to the court that he intends to call as a material witness any victim as defined in § 19.2-11.01, the court *shall exclude* that person from the trial or proceedings." Former Code § 19.2-265.01 (emphasis added).

In 1999, however, the General Assembly put the matter the other way around — stating that a victim "*shall not be excluded* unless the court determines, in its discretion, the presence of the victim would substantially impair the conduct of a fair trial." 1999 Va. Acts, ch. 844 (emphasis added). A year later, the legislature deleted the word "substantially" but retained in all other respects the presumptive shall-not-exclude command of the 1999 amendment. See 2000 Va. Acts, ch. 339.[1]

---

[1] In 2004, the General Assembly added clarifying language to Code § 19.2-265.1 to eliminate any possible confusion with the 1999 amendment to § 19.2-265.01. The new language added in 2004 reads: "Additionally, any victim as defined in § 19.2-11.01 who is to be called as a witness shall be exempt from the rule of this section as a matter of law unless, in accordance with the provisions of § 19.2-265.01, his exclusion is otherwise required." 2004 Va. Acts, ch. 311.

Attempting to create a measure of procedural parity between victims of crime and those accused of committing it, Code § 19.2-265.01 reverses the normal decisionmaking sequence. Under the 1999 amendment, the first premise of the trial court's analysis begins with the proposition that a victim witness has a statutory right to be exempted from the sequestration order. That right can be overcome, but only if the trial court decides that allowing the victim witness to remain in the courtroom would impair the conduct of a fair trial.

The statute likewise makes clear it is the trial court's exercise of discretion, not ours, that controls. It thus preserves the common law principle that an appellate court should not examine the sequestration decision *de novo*, but should review it under an abuse of discretion standard. See Huddleston v. Commonwealth, 191 Va. 400, 405, 61 S.E.2d 276, 279 (1950) (applying common law principles); see also Jackson v. Commonwealth, 267 Va. 178, 205, 590 S.E.2d 520, 535 (2004) (applying Code § 19.2-265.01). The abuse of discretion standard, "if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754 (1982)), aff'd, 45 Va. App. 811, 613 S.E.2d 870 (2005) (*en banc*). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Id.

In this case, Hernandez-Guerrero makes several generalized arguments in support of his assertion that the trial court abused its discretion. He first contends that Moreno's status as a "material witness" necessarily places him within the reach of the usual sequestration rule. We find this assertion unpersuasive, for it proves too much. If witness materiality were the standard, then all victim witnesses would likely be excluded from trial — inasmuch as we can think of few victims who would not be material witnesses in the prosecution of those accused of committing the crime. Accepting this interpretation would be nothing less than a judicial repeal of the 1999

- 4 -

amendment to Code § 19.2-265.01, thereby reviving the rule of absolute exclusion of a victim witness from the courtroom during trial.

Hernandez-Guerrero next argues that Moreno heard several witnesses, and thus, could have shaped his testimony to conform to their views of the case. Here again, Hernandez-Guerrero's objection is more a challenge to the statute itself than an interpretation of it. A victim witness allowed to remain in the courtroom pursuant to Code § 19.2-265.01 inevitably hears the testimony of the witnesses at trial either before he testifies on direct or before his opportunity to retake the stand in rebuttal. By itself, that observation cannot necessarily "impair the conduct of a fair trial" under Code § 19.2-265.01.

To support a claim of unfairness under Code § 19.2-265.01, a defendant must proffer to the trial court facts which, if true, would make the victim witness uniquely vulnerable to being manipulated, consciously or not, by the suggestive power of other witnesses' testimony. This could be shown by a proffer that the victim witness had previously admitted a lack of knowledge on some crucial fact on which other witnesses will testify to in detail, or that the victim witness has natural limitations (either by age, mental capacity, or psychological makeup) that would make him susceptible to memory enhancement or manipulation. But simply saying — as Hernandez-Guerrero does in this case — that the victim witness may hear the testimony of others and be affected by it is facially insufficient to take away the victim's presumptive right under Code § 19.2-265.01 to be present in the courtroom throughout the trial.[2]

_____

[2] The only unique circumstance brought to the trial court's attention was the fact that Moreno had already sat through the two codefendants' trials and heard all of the witnesses testify during those proceedings. Like the trial court, we fail to see how Moreno's ability to hear from these witnesses, for the third time, somehow impaired the fairness of Hernandez-Guerrero's trial.

III.

In sum, Hernandez-Guerrero gave the trial court no specific reason for finding that Moreno's presence in the courtroom during the testimony of other witnesses would impair the fairness of the trial.  As he does on appeal, Hernandez-Guerrero relied solely on generalities that would apply to nearly every victim witness.  Finding the trial court did not abuse its discretion under Code § 19.2-265.01, we affirm.

<u>Affirmed.</u>