COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


JONATHAN SCOTT TOWNER

                                                            MEMORANDUM OPINION* BY
v.        Record No. 1072-05-4                      JUDGE ROSEMARIE ANNUNZIATA
                                                            SEPTEMBER 26, 2006

PAULETTE MOORE TOWNER


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                                   Thomas A. Fortkort, Judge

           James E. Carr (Carr & Carr, on briefs), for appellant.

           Daniel L. Grubb (Dunlap, Grubb & Weaver, P.C., on brief), for
           appellee.


           Jonathan Scott Towner (husband) appeals the April 6, 2005 final decree awarding

Paulette Moore Towner (wife) a divorce *a vinculo matrimonii,* on the ground that the parties

lived separate and apart for over one year.  On appeal, husband contends the trial court erred

1) by finding he was responsible for the dissolution of the marriage, 2) by finding wife made a

contribution from separate funds towards the acquisition of the marital residence, 3) by failing to

include certain funds in wife's gross income, 4) in its spousal support award, 5) in its child

support award, 6) by denying his March 2, 2005 motion to modify spousal support, 7) by

departing from the guidelines in its revised calculation of child support, and 8) in awarding wife

attorney's fees.  Wife seeks an award of attorney's fees and costs associated with this appeal.

For the reasons that follow, we affirm the trial court's order in part, reverse it in part, and remand

for reconsideration consistent with this opinion.

---

           * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to wife as the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

So viewed, the evidence proved the parties married on September 30, 1990. One child was born of the marriage in December 1998. The parties stipulated to a separation date of September 15, 2004. During the marriage husband worked as a flight officer and then a pilot. Wife worked full time as a nurse until the birth of their child. Thereafter, wife worked part-time.

The record reveals husband was physically and verbally abusive towards wife during the marriage. Husband became involved in commodities trading and began his own business as a "day trader." Husband spent large amounts of time in his trading practice and wasted substantial marital assets in trading losses, necessitating his filing for bankruptcy.

In 1992, the parties moved to Virginia from North Carolina. Wife sold her separately owned residence in North Carolina at that time and deposited the proceeds into a separate account at Dominion Bank. Those funds comprised a portion of the money she said she later withdrew and applied towards the purchase of the parties' marital residence in Virginia.

The court determined wife's annual income was $89,414 and awarded her $1,000 per month in spousal support for a period of seven years. The court also determined wife had demonstrated she had contributed $20,000 of her separate property towards the purchase of the marital home and awarded that amount to her as her separate property.

Following the initial hearing, husband filed a motion for modification, claiming he had been involuntarily demoted and that his salary was consequently reduced by approximately fifteen percent. In the final decree the court accepted husband's evidence regarding his reduced income.

Nevertheless, the trial court did not alter its previous spousal award to wife in the amount of $1,000 monthly for a period of seven years. The court based its award "upon the disparity in income, the disparity in age, marital fault, dissolution of the marriage, that the Wife voluntarily limited work hours during the marriage to suit the marital aims of both Parties, and that this was a reasonably long marriage."

Due to consideration of husband's reduced income, however, the court altered its original child support award and ordered husband to pay wife one hundred dollars ($100) monthly in child support, an award that deviates from the calculated guideline figure. Upon reconsideration, the court also reduced the amount it credited to wife as her separate property from $20,000 to $9,780. The court further awarded wife attorney's fees in the amount of $30,000.

ANALYSIS

I.

Husband cites no authority or principles of law to support his contention that the trial court erred by finding he was responsible for the dissolution of the marriage. "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20 (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

Having presented no citations or authority in his brief in support of this contention, husband has waived this argument on appeal and we need not address it. See Rule 5A:20(e).

II.

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). "A decision regarding equitable distribution . . . will not be reversed unless it is plainly wrong or without evidence to support it." Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 139 (1997).

Pursuant to the provisions of Code § 20-107.3(A)(3), property may be classified as part marital and part separate. Under subsection (e), "when marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be deemed transmuted to marital property," unless the contributed property is retraceable and not a gift. Code § 20-107.3(A)(3)(e). We have explained the requirements of tracing under that section:

> In order to trace the separate portion of hybrid property, a party must prove that the claimed separate portion is identifiably derived from a separate asset. This process involves two steps: a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset.

Rahbaran, 26 Va. App. at 208, 494 S.E.2d at 141 (citing Code § 20-107.3(A)(3)(d)-(f)). "[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997).

Here, the trial court found that wife had successfully demonstrated that a portion of the funds she used towards the purchase of the marital residence came from her separate property and awarded $9,780 to wife as her separate property. We find that the trial court erred in making this award.

- 4 -

"The goal of the tracing process is to link . . . [every] asset to its primary source, which is either separate property or marital property." Id. (citing Brett R. Turner, Equitable Distribution of Property § 5.23 (2d ed. 1994)). In this case, wife failed to establish the separate identity of a portion of the hybrid property held in the Dominion Bank account and, thus, failed to link the funds she used from her Dominion Bank account towards the purchase of the marital home to its primary separate source, as claimed.

Although wife provided conflicting accounts of the source of the funds she used to open the account with Dominion Bank and presented no documentary evidence establishing the amount of the proceeds she received from the sale of her separate property, husband conceded that wife deposited $9,784 from the sale of her separate property in North Carolina into the Dominion account.[1]

Evidence that wife initially deposited separate funds in the amount of $9,784 into the Dominion Bank account is, in itself, insufficient to satisfy the test set forth in Rahbaran, in light of the hybrid nature of the account.[2] We acknowledge that wife "was not required to have segregated the [separate funds] from all other marital funds in order to claim a separate interest in that amount." Holden v. Holden, 31 Va. App. 24, 28, 520 S.E.2d 842, 845 (1999) (citation omitted). However, where the evidence fails to establish the identity of a portion of the hybrid account as separate, the burden of proving a claim of separate property has not been sustained. "Under generally accepted principles, the party . . . claiming property as separate has the burden

_____

[1] Wife initially testified she opened the Dominion Bank account with funds she had inherited from her deceased husband in the amount of $20,000. However, in subsequent testimony, she claimed she used the proceeds from the sale of her North Carolina property to open the account.

[2] The evidence established that the money wife derived from the sale of her separate property was commingled in the account with marital funds earned by wife during the course of the parties' marriage.

- 5 -

to produce satisfactory evidence to rebut [the] presumption [that the funds are marital]." Rexrode v. Rexrode, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986).

Wife introduced no evidence, documentary or testimonial, regarding the deposits and withdrawals that may have occurred from the time she opened the account to the time she withdrew funds from it for the purchase of the marital home. Cf. Holden, 31 Va. App. at 29, 520 S.E.2d at 845 (husband proved that, without the contribution of his separate funds to the parties' joint bank account, the account would not have contained sufficient funds to support the purchase of a parcel of property).

Thus, wife failed to show that the separate funds she used to open the account had not been used for another purpose prior to the purchase of the marital residence, leaving only marital funds in the account at the time she withdrew funds in order to acquire the marital residence. By failing to document whether any deposits and withdrawals from the Dominion Bank account had been made, wife's evidence fails to establish that the money she used for the down payment on the house was, in fact, her separate property. Cf. Hart v. Hart, 27 Va. App. 46, 68, 497 S.E.2d 496, 507 (1998) (the Court found the trial court erred in refusing to classify as separate property a spouse's inheritance where the spouse proved she deposited the inheritance into a joint account from which the parties subsequently made no withdrawals). Having concluded that the record does not support the trial court's ruling, we reverse its decision on this issue.

III.

The trial court ruled that the money received by wife from her parents were loans and not gifts and that, therefore, it was not to be included in the calculation of wife's gross income. Husband's contention that the trial court erred in making this finding is without merit.

The party claiming the existence of a gift must prove by clear and convincing evidence "(1) the intention on the part of the donor to make the gift; (2) delivery or transfer of the gift; and

(3) acceptance of the gift by the donee." Theismann v. Theismann, 22 Va. App. 557, 566, 471 S.E.2d 809, 813, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

Here, wife presented evidence that her parents transferred $106,000 to her for the purchase of a post-separation residence in September 2003. Although wife's parents drafted a gift letter, wife did not accept the funds as a gift. She did not sign the gift letter; instead she executed a loan agreement. Wife's mother testified wife had been making payments on the loan.

The evidence shows that wife also received money from her parents to satisfy legal bills. Wife's mother testified the transfers were loans, not gifts. We find no error in the trial court crediting wife's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

## IV. and VI.

Code § 20-107.1(E)(7) and (8) require the trial court to consider the property interests of the parties when making a spousal support award. See Stainback v. Stainback, 11 Va. App. 13, 15, 396 S.E.2d 686, 688 (1990). Code § 20-107.1(E)(7) requires the court to consider "the property interests of the parties, both real and personal, tangible and intangible." Code § 20-107.1(E)(8) requires the court to consider "the provisions made with regard to marital property under § 20-107.3." Equitable distribution must take place before a spousal support award can be made. See Frazer v. Frazer, 23 Va. App. 358, 381, 477 S.E.2d 290, 301 (1996); Kaufman v. Kaufman, 7 Va. App. 488, 493, 375 S.E.2d 374, 377 (1988).

"[W]here an equitable distribution award is reversed on appeal and 'the provisions with regard to the marital property are to be considered on remand, the court must necessarily re-examine spousal support in the light of whatever new or different considerations flow from

the additional proceedings.'" Robinson v. Robinson, 46 Va. App. 652, 671, 621 S.E.2d 147, 156 (2005) (*en banc*) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985)).

Accordingly, because we reverse the equitable distribution award and remand for reconsideration, we further direct the trial court, on remand, to reconsider the issue of spousal support.

V.

In support of his fifth question presented, husband asserts that "[i]f the trial court is reversed" for the reasons outlined in the arguments supporting his third or fourth question presented, he "requests the award of child support be reversed . . . ."

Code § 20-108.2, governing the calculation of child support, requires the court to compute "a basic child support obligation" using the schedules set out in the statute. Use of the guidelines, in turn, requires the court to calculate the parties' monthly gross incomes. Code § 20-108.2(C) includes "spousal support" as part of a party's "gross income."

Code § 20-108.2(C)(4) provides that, for purposes of determining the parties' gross incomes under the statute, "spousal support received shall be included in gross income and spousal support paid shall be deducted from gross income when paid pursuant to an order or written agreement." Thus, in calculating the presumptive amount of child support under the guidelines, the trial court "must include spousal support in the gross income of the receiving spouse and must deduct the amount of spousal support from the gross income of the paying spouse." Frazer, 23 Va. App. at 381, 477 S.E.2d at 301.

Thus, because we remand the case to the trial court for a re-determination of the equitable distribution award and the spousal support award, we necessarily remand the court's child support determination.

VII.

Husband contends the trial court erred by failing to issue a written statement explaining its deviation from the child support guidelines.  Because we hold that husband has failed to adequately present this issue for our consideration, we decline to rule on the merits of this argument.

> Rule 5A:20(e) requires that the appellant's opening brief include the "principles of law, the argument, and the authorities relating to each question presented."  [Husband's] argument in support of this assignment of error does not meet the requirements of Rule 5A:20(e).  Not only does [husband] fail to argue the issue with any specificity, relying instead on a few broad, conclusory assertions, he also fails to provide any citation to controlling legal authority that supports his position.  And, as we noted in Buchanan v. Buchanan, 14 Va. App. 53, 415 S.E.2d 237 (1992), "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Id. at 56, 415 S.E.2d at 239; see also Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining to address an argument that was inadequately developed in appellant's brief), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996); Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc) (noting that it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims").

Mullin v. Mullin, 45 Va. App. 289, 306-07, 610 S.E.2d 331, 339 (2005).  Husband failed to cite any authority or argument for the proposition that a trial court is required to issue a written statement in a modification of child support proceeding.  Having presented no pertinent citations or authority in his brief in support of his contention, husband has waived this argument on appeal and we need not address it.

VIII.

Whether to award attorney's fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion."  Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App.

326, 333, 357 S.E.2d 554, 558 (1987)) (internal quotation marks omitted). "Factors to be considered include the respective financial positions of the spouses and their degree of fault in precipitating the end of the marriage." Gilman v. Gilman, 32 Va. App. 104, 124, 526 S.E.2d 763, 773 (2000). Trial courts should also consider whether "obstructive conduct" by either party compounded the costs of litigation. Smith v. Smith, 43 Va. App. 279, 290, 597 S.E.2d 250, 256 (2004). When dealing with such discretionary decisions, only "'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Hernandez-Guerrero v. Commonwealth, 46 Va. App. 366, 370, 617 S.E.2d 410, 412 (2005) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, aff'd, 45 Va. App. 811, 613 S.E.2d 870 (2005) (*en banc*)). No abuse of discretion has been shown under the circumstances of this case.

Wife requests costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the entire record in this case, we hold that wife is not entitled to costs or attorney's fees in the matter.

For the reasons stated, we affirm the trial court's decision in part and we hold that the trial judge erred in ruling the evidence was sufficient to retrace the wife's separate property.

Accordingly, the decree appealed from is remanded for proceedings consistent with the rulings

expressed herein.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>