COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Beales and Senior Judge Annunziata

THERESA BOWE YARISH

MEMORANDUM OPINION[*]
v.      Record No. 1893-08-4                      PER CURIAM
                                                  MAY 12, 2009
MARK ALAN YARISH


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

(Demian J. McGarry; The Carlberg Law Firm, on brief), for
appellant.  Appellant submitting on brief.

(Susan M. Butler; Luke S. Abraham; Shoun, Bach & Walinsky, P.C.,
on brief), for appellee.  Appellee submitting on brief.


        Theresa Bowe Yarish (mother) appeals from the trial court's order regarding the payment of

private school tuition.  Mother argues that the trial court erred by misinterpreting a clause in the

parties' final decree of divorce and ordering her to contribute to private school tuition and expenses.

For the following reasons, we affirm the judgment of the trial court.

                                        BACKGROUND

        The parties divorced on October 28, 2005.  Mark Alan Yarish (father) had sole legal and

physical custody of the parties' two children.  One of the children attended a residential therapeutic

school, known as New Leaf Academy.  The tuition expenses at New Leaf Academy included the

cost of intensive therapy for the child.

        The parties' final decree required that the parties post a bond for child support pursuant to

Code § 20-114.  The provision for the bond states:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Pursuant to Virginia Code § 20-114, the sum of $82,845 shall be withheld from each party's share of the net proceeds from the sale of the marital home, for a total of $165,690. This amount shall be held by counsel for Plaintiff in an interest bearing escrow account. Disbursements shall be made from this account for the children's tuition, including room and board, if applicable, fees and costs, and tutoring expenses, as recommended by either child's school, beginning with the Fall, 2005 semester. Plaintiff shall be reimbursed for payments of tuition, room and board, fees and costs he has made to New Leaf Academy and the McLean School for the Fall 2005 semester. Counsel for Plaintiff will provide copies of the bank statements and invoices for tuition to Counsel for Defendant as they are received. Plaintiff shall submit any appropriate bills to his health insurance carrier and shall pursue reimbursement of coverage for the expenses. To the extent that any health insurance reimbursement is received for tuition, room, board, fees and costs, they shall be deposited in the escrow account and credited equally to the parties toward their contribution. In the event any balance remains, it will be divided equally between the parties.

The parties exhausted the funds from the bond before their child completed the program at New Leaf Academy. Father paid the entire tuition for the last three months and one week of the 2006-2007 school year. On October 26, 2007, the court entered an order requiring father to be solely responsible for the tuition, beginning with the 2007-2008 school year.

In 2008, father sought reimbursement from mother for unreimbursed medical expenses, which included the tuition at New Leaf Academy for the time between the exhaustion of the bond funds and the October 26, 2007 order. The trial court interpreted the final decree as holding both parties equally responsible for these tuition expenses. Mother objected to this interpretation and timely noted her appeal.

ANALYSIS

Mother argues that the trial court erred in interpreting the final decree to mean that, after the bond was exhausted, each person was equally responsible for the children's tuition expenses.

"[C]ourts have the authority to interpret their own orders. . . . Furthermore, when construing a lower court's order, a reviewing court should give deference to the interpretation

adopted by the lower court." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc) (citations omitted). However, the interpretation needs to be reasonable and shall be reviewed with an abuse of discretion standard. Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 528 (2006) (citing Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002)).

Wife contends that the court misinterpreted the last sentence of the bond provision, which states, "In the event any balance remains, it will be divided equally between the parties." Mother argues that the phrase, "any balance remains," means any balance remaining in the bond; however, father argues that the phrase, "any balance remains," means any balance due and owing. The trial court reviewed the entire paragraph and the sentence in question, and construed their intended meaning to be "any balance that's due and owing or what the parties have agreed to do, not any sums that are still there." The trial court concluded that mother's construction of the provision would render meaningless the October 26, 2007 order, which held father solely responsible for all tuition expenses.

"When dealing with discretionary decisions, only 'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Robbins v. Robbins, 48 Va. App. 466, 482, 632 S.E.2d 615, 623 (2006) (quoting Hernandez-Guerrero v. Commonwealth, 46 Va. App. 366, 370, 617 S.E.2d 410, 412 (2005)); see also Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008).

Here, the trial court did not abuse its discretion in its interpretation of the final decree; therefore, we affirm the trial court's ruling. Both parties' requests for attorney's fees and costs incurred in the course of this appeal are denied.

Affirmed.