*VIRGINIA:*

In the Court of Appeals of Virginia on   **Tuesday**   *the*   **16th**   *day of*   **February, 2016**.

Robert Jared Newton,                                                                                      Appellant,

 against              Record No. 1911-14-4
                        Circuit Court No. CL04076745-01

Rachel Angeline Jones, f/k/a
  Rachel Angeline Newton,                                                               Appellee.

From the Circuit Court of Prince William County

Before Judges Petty, AtLee and Senior Judge Clements

Robert Jared Newton appeals a final order of the trial court finding that Rachel Angeline Jones was not in contempt of court for failing to abide by a previous child custody and support order.[1]  Because we do not have jurisdiction over this appeal, we dismiss it.

Code § 19.2-318 provides in relevant part, "From a judgment for any civil contempt of court[,] an appeal may be taken to the Court of Appeals."  In Jenkins v. Mehra, 281 Va. 37, 48, 704 S.E.2d 577, 583 (2011),  the Supreme Court concluded "that Code § 19.2-318 does not provide appellate jurisdiction for either this Court or the Court of Appeals to review the judgment of the circuit court dismissing the rule to show cause and refusing to hold the [appellee] in civil contempt of court."  It recognized that the "right of appellate review from a finding of contempt or a refusal to find contempt did not exist at all at common law."  Id. at 43, 704 S.E.2d at 580 (quoting Tyler v. Baltimore Cty., 259 A.2d 307, 310 (Md. 1969)).  Therefore, the Supreme Court concluded that the Court of Appeals has jurisdiction pursuant to Code § 19.2-318 to hear an appeal related to a trial court's contempt ruling only to the extent the General Assembly has expressly abrogated the common law.  Id. at 45, 704 S.E.2d at 581 ("[W]hen an enactment does not encompass the entire subject covered by the common law, it abrogates the common[] law rule only to the extent that its terms are directly

---

[1] Newton alleged that his wife was in violation of the court's previous order by (1) claiming a tax exemption as a component of child support and (2) claiming both children as tax deductions.

and irreconcilably opposed to the rule.'" (second alteration in original) (quoting Isbell v. Commercial Inv. Assocs., Inc., 273 Va. 605, 614, 644 S.E.2d 72, 75 (1965))). The Supreme Court reasoned that the General Assembly's use of the "phrase 'judgment for any civil contempt' plainly means a judgment holding an individual in civil contempt of court." Id. at 47, 704 S.E.2d at 583. Therefore, the common law bar against appellate review of judgments *dismissing* the rule to show cause or *refusing* to hold a party in contempt remains in place.

Moreover, adopting the Supreme Court's analysis in Jenkins, we additionally conclude that this Court does not have jurisdiction under Code § 17.1-405(3)(f) to hear appeals from a trial court's refusal to hold a party in contempt. Code § 17.1-405 provides, "Any aggrieved party may appeal to the Court of Appeals from . . . [a]ny final judgment, order, or decree of a circuit court involving . . . [a]ny other domestic relations matter arising under Title 16.1 or Title 20 . . . ." In Jenkins, the Supreme Court held that it had no jurisdiction to hear an appeal under Code § 8.01-670(A)(3)[2] from a judgment refusing to find civil contempt. 281 Va. at 50, 704 S.E.2d at 585. The Court concluded that the broad grant of general jurisdiction to hear civil cases "never abrogated the common law rule with respect to an appeal from a trial court's judgment refusing to hold an individual in civil contempt" because "it does not 'clearly appear[] from express language or by necessary implication that the purpose of [Code § 8.01-670(A)(3)] was to change the common law.'" Id. at 49, 704 S.E.2d at 584 (alterations in original) (quoting Isbell, 273 Va. at 614, 644 S.E.2d at 75-76).

For the same reason that Code § 8.01-670(A)(3) does not grant appellate jurisdiction to the Supreme Court to hear an appeal from a judgment refusing to find civil contempt, Code § 17.1-405 does not grant this Court jurisdiction to hear these types of appeals. The statute's broad grant of general jurisdiction for this Court to hear domestic relations matters "never abrogated the common law rule with respect to an appeal from a trial court's judgment refusing to hold an individual in civil contempt" because "it does not 'clearly appear[] from express language or by necessary implication that the purpose of [Code § 17.1-405] was to

---

[2] Section 8.01-670(A)(3) provides the Supreme Court with general jurisdiction over appeals from "a final judgment in any other civil case."

-2-

change the common law.'" Id. (first alteration in original) (quoting Isbell, 273 Va. at 614, 644 S.E.2d at 75-76). "Merely stating that a party may appeal from 'any' final judgment in a [domestic relations] case does not 'plainly manifest[]' an intent to eliminate the 'great bulwark established by the common law,' [*Ex parte* Senior, 19 So. 652, 653 (Fla. 1896),] providing that judgments in contempt proceedings were unassailable." Id. (second alteration in original) (citations omitted).

Here, Newton requested, and the trial court issued, a rule for Jones to appear and "to show cause, if any she can, why she should not be adjudged in contempt of this [c]ourt for [her] alleged failure to comply with the terms of the [previously entered child custody and support] Order." After a hearing on September 14, 2014, the trial court ruled that "[Newton's] Rule to Show Cause is denied" and "[Jones] is not in contempt of court." Because this Court does not have jurisdiction under either Code § 19.2-318 or Code § 17.1-405 to review a trial court's ruling that a party is *not* in contempt, we must dismiss this appeal. See Jenkins, 281 Va. at 48, 704 S.E.2d at 583.

Newton's appeal is accordingly dismissed.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

-3-