COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Alston and O'Brien
Argued at Alexandria, Virginia


ELIZABETH M. MOLCHANY,
  GUARDIAN *AD LITEM* FOR J.S.D., A MINOR
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1344-15-4                    JUDGE MARY GRACE O'BRIEN
                                                        JUNE 28, 2016
CANDICE DRAUGHN


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
William H. Shaw, III, Judge

Elizabeth M. Molchany, Guardian *ad litem* for the infant child.

No brief or argument for appellee.


Elizabeth M. Molchany ("appellant"), in her capacity as guardian *ad litem* to a minor child,

J.S.D., appeals the trial court's award of primary physical custody to J.S.D.'s mother, Candice

Draughn.[1]  Appellant also appeals the trial court's dismissal of various rules to show cause that she

filed against Draughn.

Appellant asserts two assignments of error:

> I.    The trial court erred in deciding that the dispositive facts in its
>       award of primary physical custody were that the Mother has been
>       the primary caretaker and [J.S.D.] has a half-brother with whom
>       J.S.D. gets along with and should not be separated from, and
>       deciding without addressing significant and reoccurring negligent
>       and hostile behavior by Mother which were and are harmful to
>       the well-being of J.S.D. or in stating what behavior of Mother's
>       role as primary caretaker was positive.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This appeal is not brought by one of the parents who litigated custody, but by the
guardian *ad litem* for the child.  The Supreme Court of Virginia has held that a guardian *ad litem*
may appeal an adverse ruling by a trial court.  Stanley v. Fairfax Cty. Dep't of Soc. Servs., 242
Va. 60, 62, 405 S.E.2d 621, 622 (1991).

> II.  The trial court abused its discretion on May 28, 2015, in not finding Mother had violated court orders since its last hearing on November 21, 2014, at which time the court sentenced Mother to 60 days in jail unless she complied with orders from November 21 through to January 9, 2015, allowing Mother to purge herself of the sentence but given no hearing was held on January 9 and the matter continued to May 28, the order of November 21 should have continued as well.

## I.  BACKGROUND

J.S.D. was born on June 9, 2011.  His parents, Candice Draughn and Ulan Rasheed Johnson, were unmarried and never resided together after J.S.D.'s birth.  At the time of trial, Draughn lived with her father and her other child, a ten-year-old son.  Johnson resided with his mother, his sister, and her two children.

In October 2011, Johnson was convicted of assault and battery against Draughn.  At Draughn's request, a judge in the Prince William County Juvenile and Domestic Relations District Court ("Prince William JDR") entered a two-year protective order against Johnson.  A provision of the protective order granted sole custody of J.S.D. to Draughn, and afforded Johnson supervised visitation with the child.

Johnson filed for custody of J.S.D. in Stafford County Juvenile and Domestic Relations District Court ("Stafford JDR") on August 16, 2012.  The court dismissed Johnson's petition.  On January 17, 2013, Johnson filed for custody in Prince William JDR and on March 4, the court appointed appellant as guardian *ad litem* for J.S.D.  On March 14, 2013, Draughn filed her own petition for custody of J.S.D. in Stafford JDR.

Prince William JDR conducted a custody hearing on April 8, 2013.  J.S.D.'s parents and the guardian *ad litem* were present.  The court granted Draughn full custody of J.S.D. but increased Johnson's visitation.  On May 9, 2013, the parties appeared in Stafford JDR to address the custody petition Draughn filed there.  Stafford JDR also granted Draughn full custody but maintained the limited visitation schedule set forth in the 2011 protective order.  Johnson appealed the ruling to the

Stafford County Circuit Court. In August 2013, the circuit court ordered that the parties were to follow the visitation schedule set forth in the April 3, 2013 Prince William JDR order. At a December 2 hearing, Prince William JDR found that Stafford County was the appropriate venue for litigation and transferred all matters to Stafford County.

The Stafford County Circuit Court held a trial to determine custody and visitation on January 10, 2014. Following the trial, the court awarded primary physical custody to Draughn and joint legal custody to both parents. The court also granted Johnson visitation and continued the matter for review until July 21, 2014.

On May 28, 2014, appellant filed a rule to show cause against Draughn, alleging that Draughn violated the January 10, 2014 court order and was in contempt of court. Appellant asserted that Draughn interfered with Johnson's access to J.S.D.'s academic and medical records and that she did not follow the visitation schedule set forth in the court's order. At the July hearing date, the court continued the contempt proceeding against Draughn to a date in November 2014. In the meantime, appellant filed another rule to show cause against Draughn on September 30, 2014, on the grounds that Draughn continued to violate the visitation provisions of the court's order.

On November 21, 2014, the court found Draughn in contempt and sentenced her to serve sixty days in jail, beginning January 9, 2015, but also ruled that Draughn could purge the finding of contempt if she complied with the court's orders in the interim. The case was continued until January 9, 2015. The hearing scheduled for January 9, 2015 was continued until May 28, 2015.

In the interim, appellant filed a third rule to show cause against Draughn on January 24, 2015, and a fourth rule to show cause against her on April 7, 2015. On May 28, 2015, the court held a hearing to review custody and to address the show cause rules against Draughn. Following the hearing, the court ordered that the custody provisions established in the January 10, 2014 order would remain unchanged. The court also dismissed all of the show cause rules filed by appellant

against Draughn. The court did not specifically address whether Draughn had purged her contempt from November 21, 2014; however, it did not impose the sixty days of incarceration.

## II. ANALYSIS

### A. Assignment of Error I: The Trial Court Erred in Awarding Primary Physical Custody of J.S.D. to Draughn

Appellant asserts that the trial court erred in awarding Draughn primary physical custody. She contends that the court was required to specifically state the "positive" aspects of Draughn's role as primary caretaker to justify awarding her primary custody. Appellant also asserts that the court erred in making a custody determination without considering Draughn's failure to obey court orders.

### 1. Standard of Review

"In matters of custody, visitation and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990); see also Yopp v. Hodges, 43 Va. App. 427, 439, 598 S.E.2d 760, 766 (2004) ("We afford great deference to the trial court's determination of what is in the best interests of the child."). "A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Farley, 9 Va. App. at 328, 387 S.E.2d at 795 (citation omitted). See also Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) ("As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal.").

### 2. Analysis

Code § 20-124.3 provides that in determining the best interests of a child for purposes of awarding custody, a court "shall consider" several factors when ruling on a custody petition and lists the specific factors for the court to review. Code § 20-124.3 also provides that the court is required

- 4 -

to "communicate to the parties the basis of the decision either orally or in writing." The communication is to "set forth the judge's findings regarding the relevant factors" of Code § 20-124.3. We have held that this requirement means that the trial court must "identify the fundamental, predominating reason or reasons underlying its decision." Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003).

However, "[t]his level of specificity does not require the [judge] to address all aspects of the decisionmaking process, as one would expect from comprehensive findings of fact and conclusions of law." Id. at 373, 585 S.E.2d at 353. While the trial court must consider the factors and communicate to the parties which factors it found most compelling in its custody determination, it is not required to individually address each one of the enumerated elements of Code § 20-124.3. See id.; Code § 20-124.3. Additionally, the trial judge is not required "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Kane, 41 Va. App. at 373, 585 S.E.2d at 353 (quoting Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002)).

In the present case, following the trial, the judge entered an order that included an explanation of the decision to award joint legal custody to both parents, and primary physical custody to Draughn. At the outset, the court noted that it had conducted "a review of the factors enumerated under 20-124.3." The court then specified that while both parties were capable of caring for J.S.D. and meeting his needs, Draughn had been the child's primary caretaker for his entire life. This observation relates to the following factors:

> (3) the relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child; [and]

> (5) the role that each parent has played and will play in the future, in the upbringing and care of the child.

Additionally, the court found it significant that J.S.D. had a relationship with his half-brother, who also lives with Draughn. The court held that J.S.D. should not be separated from his brother. This holding addressed the following statutory factor:

> (4) the needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members.

Appellant contends that the court erred in making its custody determination because it did not state "what behavior of Mother as primary caretaker was positive or what she did as the primary caretaker." However, neither the statute nor the case law requires the specificity that appellant claims is necessary. The trial court had the opportunity to observe the witnesses and make its determination based on their appearance and demeanor on the witness stand. "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015). There is no legal obligation upon the court to explain what particular aspects of Draughn's parenting were "positive."

Appellant also asserts that the court erred because it did not address the "significant and reoccurring . . . hostile behavior by Mother which were and are harmful to the well-being of [the child]" in its custody ruling. This contention appears to refer to the show cause rules appellant filed against Draughn alleging that Draughn failed to comply with various provisions of earlier orders. However, the Virginia Supreme Court has held that "[o]ur first and foremost concern . . . in all child custody cases is the welfare of the child. All other matters, including the misconduct of the [mother] in violating court orders, must necessarily be subordinate." Brown v. Kittle, 225 Va. 451, 457, 303 S.E.2d 864, 868 (1983). Further, "[t]he custody of minor children in such controversies is never to be given to one parent to punish the other." Rowlee v. Rowlee, 211 Va. 689, 690, 179

S.E.2d 461, 462 (1971). Accordingly, a custody determination must be based on the best interests of the child, not the failure of a parent to abide by a court order.

Because the trial court correctly considered the statutory factors, and not merely the complaint of Draughn's misconduct, we find that the court did not abuse its discretion in awarding joint legal custody to the parties, with primary physical custody to Draughn.

### B. Assignment of Error II: Failure to Find Draughn in Contempt

Appellant contends that because Draughn continued to violate court orders, the trial court erred by not imposing the sixty days in jail that the court sentenced her to serve on November 21, 2014. Appellant also argues that the court erred in dismissing the subsequent rules to show cause that she filed against Draughn.

### 1. Standard of Review

"A court has discretion in the exercise of its contempt power." Petrosinelli v. People for the Ethical Treatment of Animals, Inc., 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007). "Upon a finding of contempt, a trial judge has discretionary power to enforce decrees of the court." Estate of Hackler v. Hackler, 44 Va. App. 51, 64, 602 S.E.2d 426, 432 (2004). "We review the exercise of a trial court's civil contempt power under an abuse of discretion standard." DRHI, Inc. v. Hanback, 288 Va. 249, 254, 765 S.E.2d 9, 12 (2014).

### 2. Analysis

At the May 28, 2015 hearing, the court heard evidence relating to Draughn's alleged violations of the previous court order to consider whether Draughn had purged her contempt from November 21. In addition to the testimony of both parents, the court considered the testimony of the director of J.S.D.'s daycare. The evidence was in conflict, and determination of the credibility of the witnesses was within the province of the finder of fact. See Parham, 64 Va. App. at 565, 770 S.E.2d at 207. Because it is within the discretion of the trial court to exercise its contempt

powers, we find that the court did not abuse its discretion in finding that Draughn successfully purged her contempt.

### C. Failure to find Draughn in Violation of a Court Order

Appellant also contends that the court erred by dismissing the subsequent show cause rules she brought against Draughn. However, this Court does not have jurisdiction to review a trial court's refusal to find a litigant in contempt.

As the Supreme Court of Virginia noted in Jenkins v. Mehra, 281 Va. 37, 43, 704 S.E.2d 577, 580 (2011) (alteration in original), "[t]he right of appellate review from a finding of contempt or a refusal to find contempt did not exist at all at common law." Therefore, any authority to appeal a finding of contempt must be granted by statute. Although Code § 19.2-318 provides that "[from] a judgment for any civil contempt of court[,] an appeal may be taken to the Court of Appeals," the legislature's grant of jurisdiction to appeal a finding of contempt does not extend to allow a party to appeal a court's *refusal* to make a finding of contempt. In Jenkins, the Supreme Court held that "Code § 19.2-318 . . . abrogated the common law rule only with regard to judgments *for* contempt" and did not grant appellate review of a trial court's refusal to find a party in contempt. 281 Va. at 47, 704 S.E.2d at 582.

We applied the analysis of Jenkins in Newton v. Jones, 66 Va. App. 20, 781 S.E.2d 759 (2016). In that case, Newton requested that the trial court issue a rule for Jones to appear and show cause "why she should not be adjudged in contempt of this [c]ourt for [her] alleged failure to comply with the terms of the [previously entered child custody and support] Order." Id. at 23, 781 S.E.2d at 761 (alterations in original). Following a hearing, the trial court denied Newton's rule to show cause and refused to find Jones in contempt of court. Id. Newton appealed, and we held that "[b]ecause this Court does not have jurisdiction under either Code § 19.2-318 or Code § 17.1-405 to

review a trial court's ruling that a party is *not* in contempt, we must dismiss this appeal." <u>Id.</u> (citing <u>Jenkins</u>, 281 Va. at 48, 704 S.E.2d at 583).

Likewise, in the case before us, we do not have jurisdiction over the trial court's dismissal of the rules to show cause and, accordingly, we dismiss this assignment of error.

III.  CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed in part and dismissed in part.

<u>Affirmed, in part, and</u><br><u>dismissed, in part.</u>