COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

MARVIN ROBERT STALEY, SR.

v.        Record No. 1414-17-1

OLIVIA DELORES BRYANT STALEY

MEMORANDUM OPINION* BY
JUDGE ROBERT P. FRANK
MAY 1, 2018

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Gary A. Mills, Judge

James A. Weaver (The Law Offices of Daniel J. Miller, on brief), for
appellant.

No brief or argument for appellee.

Appellant, Marvin Robert Staley, Sr., appeals an order dismissing his show cause against

appellee, Olivia Delores Bryant Staley, and awarding her $3,000 in attorney's fees. Appellant

argues that the trial court erred by (1) "finding that the property settlement agreement was

ambiguous as it pertained to the parties' understanding and agreement that [appellee] had an

obligation to refinance and remove [appellant's] name from the mortgage on the former marital

residence and to otherwise hold him harmless;" (2) "finding that [appellee] did not violate the terms

of the Separation Agreement by executing a balloon loan payment disclosure because the evidence

was sufficient to support that [appellee] did not use best efforts or act in good faith;" (3) "finding

that [appellee] did not violate the terms of the Separation Agreement by failing to hold [appellant]

harmless and that [appellant] was not harmed by the balloon loan payment disclosure;" (4) "failing

to find that . . . the properly admitted parole evidence showed the parties' clear intent for [appellee]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to refinance the mortgage and to hold [appellant] harmless, and that [appellee's] failure to do either or both placed her in violation of the terms of the Separation Agreement;" and (5) awarding appellee $3,000 for her attorney's fees because (a) appellee's "improper actions made it necessary for [appellant] to institute legal proceedings to enforce the terms of the property settlement agreement" and (b) appellee's "improper actions were fully supported by the evidence." For the reasons stated below, we dismiss this appeal.

On April 23, 2013, the parties entered into a separation agreement, which was affirmed, ratified, and incorporated into the parties' final decree of divorce on December 20, 2013. Paragraph 4 of the separation agreement stated, in pertinent part:

> The parties agree that Wife shall have exclusive use and possession of the marital home and shall be responsible for all costs associated with said ownership. Wife shall hold Husband harmless for any liability incurred thereon. Husband hereby waives all right, title and interest in the marital residence and shall sign any and all documentation necessary to remove his name from the deed and mortgage immediately upon presentation of same.

On December 7, 2016, appellant filed a petition for rule to show cause. Appellant alleged that appellee violated the terms of the final decree, when she "willfully and intentionally" executed a balloon payment disclosure that supplemented the loan modification agreement for the marital residence and listed appellant as a co-borrower. At no time did appellant file a separate complaint for breach of contract. On December 20, 2016, the trial court entered a rule to show cause against appellee for appellee's failure to abide by the separation agreement and the final decree.

On August 9, 2017, the parties appeared before the trial court.[1] The trial court dismissed the show cause against appellee and ordered appellant to pay $3,000 to appellee's counsel for her

---

[1] The transcript for the August 9, 2017 hearing was filed late on November 1, 2017. See Rule 5A:8(a).

- 2 -

attorney's fees. On August 23, 2017, the trial court entered an order memorializing its ruling. This appeal followed.

Appellant argues that the trial court erred in dismissing his show cause and contends the trial court erred with its interpretation of appellee's obligations pursuant to the parties' separation agreement.

In Jenkins v. Mehra, 281 Va. 37, 704 S.E.2d 577 (2011), the Supreme Court of Virginia held that Code §§ 19.2-318 and 8.01-670(A)(3) did not provide appellate jurisdiction to review cases from circuit courts dismissing a rule to show cause and not finding a party in contempt. In Newton v. Jones, 66 Va. App. 20, 781 S.E.2d 759 (2016), this Court applied the Jenkins ruling and held that Code §§ 19.2-318 and 17.1-405 did not provide appellate jurisdiction to review cases when a circuit court dismisses a rule to show cause and refuses to find a party in contempt. The Court explained that in Jenkins, "the Supreme Court concluded 'that Code § 19.2-318 does not provide appellate jurisdiction for either this Court or the Court of Appeals to review the judgment of the circuit court dismissing the rule to show cause and refusing to hold the [appellee] in civil contempt of court.'" Id. at 21, 781 S.E.2d at 760 (quoting Jenkins, 281 Va. at 48, 704 S.E.2d at 583). The Court further explained, "For the same reason that Code § 8.01-670(A)(3) does not grant appellate jurisdiction to the Supreme Court to hear an appeal from a judgment refusing to find civil contempt, Code § 17.1-405 does not grant this Court jurisdiction to hear these types of appeals." Id. at 22-23, 781 S.E.2d at 760. Therefore, this Court does not have jurisdiction to review the trial court's ruling dismissing the show cause against appellee.

Likewise, this Court does not have jurisdiction to review the trial court's award of attorney's fees to appellee because the award arose out of, and was dependent on, the trial court's finding that appellee was not in contempt. The trial court based its attorney's fees on a provision

of the parties' separation agreement, which required the court to award attorney's fees to the prevailing party in an action to enforce the separation agreement. Thus, the award of attorney's fees was dependent on appellee prevailing against the allegations of why she should be held in contempt. Because we lack jurisdiction to review the trial court's ruling that appellee was not in contempt, we also lack jurisdiction to review the award of attorney's fees based on that ruling. Accordingly, this appeal is dismissed without prejudice. Id. at 23, 781 S.E.2d at 761. While dismissing this appeal, we do not pass judgment on the merits of appellant's assignments of error.

Dismissed without prejudice.