COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

ALAN PETERSEN

                                                    MEMORANDUM OPINION*
v.      Record No. 1026-20-2                            PER CURIAM
                                                        JULY 6, 2021

TINA ROBERTSTON, F/K/A
 TINA PETERSEN

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

(Genevieve C. Bradley; Joseph P. Bowser; Roth Jackson, on briefs),
for appellant. Appellant submitting on briefs.

(Mary Burkey Owens; W. Joseph Owen, III; Owen & Owens, PLC,
on brief), for appellee. Appellee submitting on brief.

Alan Petersen appeals the circuit court orders denying his "Motion for Order of Production

and for Entry of a Protective Order" and his emergency motion to vacate or modify that order.

Petersen argues that the circuit court abused its discretion when it denied the motion for a rule to

show cause against Tina Robertson. Petersen further argues that the circuit court erred in ruling, *sua

sponte* that his "Motion for Order of Production and for Entry of a Protective Order" was not timely

filed considering the Supreme Court of Virginia's Declaration of Judicial Emergency. Lastly,

Petersen asserts that the circuit court abused its discretion in denying his motion to vacate the final

order. Upon reviewing the record and briefs of the parties, and for the reasons stated below, we

conclude that we are without jurisdiction to consider Petersen's argument regarding the denial of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the show cause, and we reverse the circuit court's ruling regarding the timeliness of Petersen's "Motion for Order of Production and Entry of a Protective Order."

BACKGROUND

Petersen and Robertson were married on March 29, 1997, separated on October 15, 2013, and divorced by final decree on October 26, 2018. During the divorce proceedings, the circuit court entered protective orders regarding the confidential business records of INGENCO Holdings, LLC (INGENCO), a company in which Petersen was a minority owner. After the entry of the parties' final decree of divorce, INGENCO moved for a rule to show cause and entry of a new protective order, alleging that Robertson had violated the protective orders entered during the divorce proceedings.

Petersen filed a joinder to INGENCO's motion and filed a brief in support because some of his personal information also was disseminated in contravention of the protective orders. On February 6, 2020, the circuit court held a hearing and entered orders denying the motion for a rule to show cause and granting the motion for a protective order. The circuit court further ordered that "any further motions relating to the protective order or attorney's fees shall be filed on or before April 1, 2020, or this matter shall be stricken from the docket."[1]

In July 2020, Petersen filed new motions for an order of production and entry of a protective order and scheduled a hearing for November 12, 2020.[2] On August 14, 2020, the circuit court *sua sponte* considered its previous order requiring that all motions had to be filed by April 1, 2020, and the Supreme Court of Virginia's judicial emergency orders tolling certain deadlines. The circuit court then denied Petersen's motion as untimely. The circuit court held

---

[1] The circuit court took under advisement INGENCO's request for its attorney's fees and costs.

[2] INGENCO filed a joinder to Petersen's motion, which the circuit court denied.

that the matter was ended and ordered it removed from the docket.  On September 10, 2020,

Petersen filed an emergency motion requesting that the circuit court vacate or modify its August

14, 2020 order.[3]  On September 11, 2020, the circuit court denied Petersen's emergency motion.[4]

Petersen noted his appeal of the orders entered August 14, 2020 and September 11, 2020.

ANALYSIS

I.

Petersen argues that the circuit court abused its discretion by denying the motion for rule

to show cause.  We do not reach the merits of Petersen's claims, however, because we find that

we do not have jurisdiction to consider this argument.

The Supreme Court of Virginia has held that "[t]he right of appellate review from a

finding of contempt or a refusal to find contempt did not exist at all at common law."  Jenkins v.

Mehra, 281 Va. 37, 43 (2011) (alteration in original).  "Under the common law, the lack of

appellate review from a finding of contempt or the refusal to find contempt was justified as

necessary because 'the power of the . . . courts over contempt is omnipotent, and its exercise is

not to be enquired into by any other tribunal.'"  Id. at 44 (quoting Ex parte Senior, 19 So. 652,

653 (Fla. 1896)).  Therefore, any authority to appeal a finding of contempt must be granted by

statute.  "But even where a statute's purpose is to abrogate the common law, such statute is 'to be

strictly construed and not to be enlarged in [its] operation by construction beyond [its] express

terms.'"  Id. at 45 (quoting Isbell v. Commercial Inv. Assocs., Inc., 273 Va. 605, 613 (2007)).

---

[3] Petersen stated in his motion that the order was mailed on September 3, 2020, twenty days after the entry of the final order, but counsel did not receive it until September 8, 2020.

[4] INGENCO also filed an emergency motion, and the circuit court modified the August 14, 2020 order under Code § 8.01-428(C) to state that it would consider INGENCO's motion for attorney's fees on November 12, 2020.

Code § 19.2-318 authorizes an appeal "[f]rom a judgment for any civil contempt of court" to the Court of Appeals. It further provides that "[t]his section shall also be construed to authorize an appeal from or writ of error to a judgment of a circuit court rendered on appeal from a judgment of a district court for civil or criminal contempt." Code § 19.2-318. Thus, the Supreme Court explained, "Code § 19.2-318 . . . abrogated the common law rule only with regard to judgments *for* contempt" and did not grant appellate review of a trial court's refusal to find a party in contempt. Jenkins, 281 Va. at 47-48.

Code § 8.01-670(A)(3) provides that "any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved . . . by a final judgment in any other civil case." The Supreme Court held that "Code § 8.01-670(A)(3) never abrogated the common law rule with respect to an appeal from a trial court's judgment refusing to hold an individual in civil contempt." Jenkins, 281 Va. at 49. Applying Jenkins, this Court has held that "[f]or the same reason that Code § 8.01-670(A)(3) does not grant appellate jurisdiction to the Supreme Court to hear an appeal from a judgment refusing to find civil contempt, Code § 17.1-405 does not grant this Court jurisdiction to hear these types of appeals." Newton v. Jones, 66 Va. App. 20, 22-23 (2016). Therefore, this Court does not have jurisdiction to review the circuit court's ruling denying the motion for rule to show cause against Robertson.

## II.

Petersen argues that the circuit court erred in ruling *sua sponte* that his "Motion for Order of Production and Entry of a Protective Order" was untimely. The February 6, 2020 order required any further motions relating to the protective order or attorney's fees to be filed "on or before April 1, 2020, or this matter shall be stricken from the docket." This court-imposed deadline gave the parties fifty-five days to file any motions.

On March 16, 2020, in response to the COVID-19 global pandemic and as authorized by Code § 17.1-330, the Chief Justice of the Supreme Court of Virginia declared a judicial emergency at the request of the Governor and tolled all deadlines in the district and circuit courts. See Order Declaring A Judicial Emergency In Response to COVID-19 Emergency (Mar. 16, 2020). By orders dated March 27, 2020, April 22, 2020, May 6, 2020, June 1, 2020, June 22, 2020, and July 8, 2020 (collectively "the judicial emergency orders"), the Chief Justice extended the period of judicial emergency. By order of May 6, 2020, the Chief Justice ordered that "[i]n all civil cases, any tolling of deadlines and obligations arising out of Part Four of the Rules of the Supreme Court of Virginia shall terminate as of the effective date of this order (May 18, 2020)." Fourth Order Modifying and Extending Declaration of Judicial Emergency (May 6, 2020). By order of July 8, 2020, the Chief Justice ordered that "beginning on July 20, 2020, for cases in the district and circuit courts, there shall be no further tolling of statutes of limitation or other case-related deadlines." Seventh Order Extending Declaration of Judicial Emergency (July 8, 2020).

On July 17, 2020, Petersen filed his "Motion for Order of Production and for Entry of a Protective Order" and subsequently scheduled a hearing on his motion for November 12, 2020. On August 14, 2020, the circuit court entered an order *sua sponte* denying Petersen's motion. The circuit court considered the language of the February 6, 2020 order requiring all motions relating to the protective order or attorney's fees to be filed on or before April 1, 2020. The circuit court also considered the judicial emergency orders tolling all deadlines and, then more specifically, the Fourth Order Modifying and Extending the Declaration of Judicial Emergency, which terminated "any tolling of deadlines and obligations arising out of Part Four or the Rules of the Supreme Court of Virginia, effective May 18, 2020." Applying that language, the circuit court found that it "did not receive any filings by June 3, 2020," which was its calculation for

when the fifty-five-day deadline expired after the tolling. The circuit court then denied Petersen's motion and ordered that the matter be removed from the active docket and placed among the ended causes.

Petersen argues on appeal that the circuit court misinterpreted the language of the judicial emergency orders. We review the circuit court's interpretation of the judicial emergency orders *de novo*. See generally Browning v. Browning, 68 Va. App. 19, 24 (2017).

The February 6, 2020 order established a fifty-five-day deadline for filing any motions relating to the protective order or attorney's fees. Although the protective order was entered in accordance with Rule 4:1(c), the fifty-five-day deadline did not "aris[e] out of Part Four of the Rules of the Supreme Court of Virginia." Fourth Order Modifying and Extending Declaration of Judicial Emergency (May 6, 2020). The Rules do not establish such a fifty-five-day deadline. Rather, the circuit court established that deadline, which was specific to this case. Accordingly, the fifty-five-day deadline remained tolled until the Supreme Court of Virginia entered the Seventh Order Extending Declaration of Judicial Emergency, which terminated the tolling of "case-related deadlines" as of July 20, 2020. Seventh Order Extending Declaration of Judicial Emergency (July 8, 2020). Therefore, we reverse the circuit court's denial of Petersen's motion for order of production and for entry of a protective order based on the timeliness of its filing and remand the matter to the circuit court to consider the merits of Petersen's motion in the first instance.

Considering our ruling herein, we need not address Petersen's third assignment of error concerning the denial of his motion to vacate. See Chaney v. Karabaic-Chaney, 71 Va. App. 431, 438 (2020) ("Following the traditional doctrine of judicial restraint, [appellate courts] 'decide cases "on the best and narrowest grounds available."'" (quoting Levick v. MacDougall, 294 Va. 283, 302 (2017))).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is reversed and remanded for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>